Weander v. Johnson.

ANDREW G. WEANDER v. FRANK JOHNSON.

FILED OCTOBER 2, 1894.    No. 5864.

1. Judgments by Consent: REVIEW. A party cannot be heard to urge error in the proceedings leading to a judgment which was entered by his own consent.

2. Transcripts for Review. The transcript of the record filed in the supreme court imports in this court absolute verity. If in fact incorrect, the district court, and not this court, must make the correction.

ERROR from the district court of Burt county. Tried below before SCOTT, J.

*H. H. Bowes*, for plaintiff in error.

*Sears & Thomas*, contra.

Irvine, C.

The record in this case discloses that the action was begun by Johnson against Weander in the county court of Burt county, where there was a judgment against Weander, from which he appealed to the district court. In the district court there was a motion by Weander to dismiss the case, for the reason that Johnson had failed to file his petition within time. This was overruled and a motion filed by Johnson to dismiss the appeal for want of an answer. An answer was filed notwithstanding this motion, which answer was stricken from the files, leave to refile the same denied, and apparently a default entered, for there then was a motion to set aside the default, which was also overruled and judgment entered, the judgment reciting that it was the same as had been entered in the county court. The orders of the court on these various motions are assigned as error, but we cannot examine them, for the reason that the record recites that the judgment entered was by consent of the plaintiff in error. Having consented to the judgment, he cannot be heard to urge error in the proceedings leading to it. It is insisted in the brief that the record is incorrect in this particular and that there was no consent. The transcript of the record imports absolute verity and cannot be impeached in any manner. We must take that transcript as we find it. If the transcript is not correct, or if the record is not correct, the correction must be made in the district court.

JUDGMENT AFFIRMED.