FEDERAL DEPOSIT INSURANCE CORPORATION, APPELLEE, V.
HAROLD A. SWANSON, EVELYN E. SWANSON, AND HAROLD H.
SWANSON, APPELLANTS, UNITED STATES OF AMERICA ET AL.,
APPELLEES.
FEDERAL DEPOSIT INSURANCE CORPORATION, APPELLEE, V.
HAROLD A. SWANSON AND EVELYN E. SWANSON, APPELLANTS,
UNITED STATES OF AMERICA ET AL., APPELLEES, DAVID METHENY,
INTERVENOR-APPELLEE.
435 N.W.2d 659

Filed February 17, 1989.   Nos. 86-700, 86-701.

John I. Sutton for appellants.

T. Randall Wright and Terry L. Fredricks, of Dixon & Dixon, P.C., and Thaddeus G. Fenton for appellee FDIC.

Mary L. Buford, of Buford Law Offices, for intervenor-appellee.

HASTINGS, C.J., CAPORALE, and GRANT, JJ., and BURKHARD and HANNON, D. JJ.

CAPORALE, J.

In case No. 86-700, a replevin action, the district court entered judgment against defendants-appellants, Harold A.

Swanson; his wife, Evelyn E. Swanson; and Harold H. Swanson, granting First National Bank, Tekamah, Nebraska, in whose place and stead the plaintiff-appellee, Federal Deposit Insurance Corporation, has been substituted, a priority security interest in a certain crop and the right to take immediate possession of specified equipment. In case No. 86-701, a foreclosure action, the district court divested the aforenamed defendants-appellants Harold A. Swanson, and his wife, but not the aforenamed Harold H. Swanson, who is not a party in this case and therefore has no standing herein, of their various interests in certain parcels of real estate. The two cases were then appealed to this court and consolidated for briefing and argument. The five assignments of error presented in the single brief filed by the replevin defendants and the foreclosure defendants, hereinafter collectively referred to as the "defendants," merge to assert, in effect, that the district court erred in each action by failing to grant them a new trial because of newly discovered evidence. Appellee David Metheny, the apparent lessee of the foreclosed property, claims to be an intervenor and joins the plaintiff in resisting defendants' efforts. In each case, we affirm.

The parties agree that the copy of the financing statement and security agreement given to plaintiff's predecessor by Harold A. Swanson on or about February 24, 1976, and which was attached to and incorporated as a part of the replevin petition and later received in evidence, had been altered to inaccurately reflect in plaintiff's predecessor a security interest in Harold A. Swanson's 1984 soybean crop, which security interest did not in fact exist. However, the original of the document on file with the Burt County clerk at all times remained in its genuine condition. While the plaintiff claims the altered copy, which apparently came from its predecessor's files, was innocently attached to the replevin petition by its predecessor's attorney without knowledge of the modification and later innocently offered and received in evidence, the defendants claim that such was done fraudulently. The two officers of plaintiff's predecessor who were called as witnesses by the defendants testified they did not know who had altered the document or when the alteration was made. Defendants

presented no other evidence on the issue of how and when the change was made.

It appears that Harold A. Swanson discovered the alteration in September of 1985, when he, at his attorney's request, reviewed the records of the county clerk in connection with other litigation. Defendants complain that in reliance on the altered document the district court, on May 31, 1985, issued an order in the replevin action granting plaintiff's predecessor a security interest in the subject crop superior to that of Harold H. Swanson. They also claim that as the note which secured the foreclosed mortgages referred to the financing statement and security agreement, alteration of the copy of the document in the possession of plaintiff's predecessor invalidated the note and thus voided the mortgages which the note secured, leaving nothing to be foreclosed.

The replevin action is easily resolved, for while the district court did not vacate its earlier judgment giving plaintiff's predecessor the right to take immediate possession of the specified equipment, the district court did vacate its May 31, 1985, order granting the plaintiff's predecessor a superior lien in the 1984 soybean crop. Inasmuch as the replevin defendants question only the validity of the lien priority established by the May 31 order, and the court below vacated that priority, they have no basis on which to appeal to this court. Only a party aggrieved by an order or judgment can appeal; one who has been granted that which he or she sought has not been aggrieved. See, *Saum v. L. R. Foy Constr. Co., Inc.*, 190 Neb. 783, 212 N.W.2d 648 (1973); *Douglas County v. Kountze*, 84 Neb. 506, 121 N.W. 593 (1909); *Horton v. State*, 60 Neb. 701, 84 N.W. 87 (1900); *Sturtevant Co. v. Bohn Sash & Door Co.*, 59 Neb. 82, 80 N.W. 273 (1899).

The foreclosure action, however, requires more analysis. We begin by recalling that a motion for new trial is addressed to the discretion of the trial court; further, in order to make a sufficient showing for new trial upon the ground of newly discovered evidence, the proof in support thereof must show that such evidence was then available which neither the litigant nor counsel could have discovered by the exercise of reasonable diligence and that it was not merely cumulative, but competent,

relevant, and material, and of such character as to reasonably justify a belief that its admission would probably bring about a different result if a new trial were granted. *Fisher Corp. v. Consolidated Freightways*, 230 Neb. 832, 434 N.W.2d 17 (1989).

The foreclosure defendants' premise that the note which referred to the financing statement and agreement was vitiated when a copy of the referenced document was altered, and thus voided the mortgages which secured the note, is incorrect. In *First Nat. Bank v. Hull*, 189 Neb. 581, 204 N.W.2d 90 (1973), this court, in concluding that the change made on the security agreement in question therein was authorized by the debtor, nonetheless observed that, in any event, to require the discharge of a party to a written instrument on the ground of alteration, it must appear that the alteration was material as well as fraudulent.

Assuming, but not deciding, that the alteration of the copy of the financing statement and security agreement was fraudulent, it was not material, for the document has not been shown to bear any relationship to the procurement of the note by plaintiff's predecessor, nor to the amount of the note, nor to the defendants' default on the note, nor to the consequences of that defalcation. In short, the alteration has not been shown to have any functional relationship to the note whatsoever. So far as the record shows, the only relationship between the note and the altered copy of the document is that the former instrument refers to the original of the latter instrument. Evidence of such alteration and relationship between the note and altered copy cannot be said to be "competent, relevant, and material, and of such character as to reasonably justify a belief that its admission would probably bring about a different result if a new trial were granted." *Fisher Corp. v. Consolidated Freightways, supra* at 842, 434 N.W.2d at 24. Thus, it cannot be said the district court abused its discretion in overruling the foreclosure defendants' motion for new trial.

AFFIRMED.