SAMANTHA HILL, APPELLANT, V. WOMEN'S MEDICAL CENTER OF NEBRASKA AND JAMES T. HOWARD, M.D., APPELLEES.

580 N.W. 2d 102

Filed June 26, 1998.   Nos. S-97-273, S-97-408.

William G. Line for appellant.

William M. Lamson, Jr., and William R. Settles, of Kennedy, Holland, DeLacy & Svoboda, and Michael T. Levy for appellees.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

WRIGHT, J.

## NATURE OF CASE

Samantha Hill sued the Women's Medical Center of Nebraska (Center) and James T. Howard, M.D., to recover damages resulting from the performance of an abortion and the failure of the defendants to obtain Hill's informed consent for the procedure. The defendants' demurrers were ultimately sustained, and the district court dismissed the action first as to Howard and subsequently as to the Center. We address the appeals from both dismissals in this opinion.

## SCOPE OF REVIEW

Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the court below. *Board of Regents v. Pinzon, ante* p. 145, 575 N.W.2d 365 (1998).

When reviewing an order sustaining a demurrer, an appellate court accepts the truth of the facts which are well pled, together with the proper and reasonable inferences of law and fact which may be drawn therefrom, but does not accept as true the conclusions of the pleader. *Lawry v. County of Sarpy, ante* p. 193, 575 N.W.2d 605 (1998).

## FACTS

On July 5, 1995, Hill filed a petition against the Center, alleging that she had engaged the Center to perform an abortion on March 12, 1994. Hill's first cause of action alleged that the abortion was negligently performed, and her second cause of

action alleged breach of contract and sought a return of the fee paid for the abortion plus interest.

On July 5, 1996, Hill filed an amended petition that named both the Center and Howard as defendants. Hill alleged that Howard had entered into an agreement with the Center to render medical services as outlined by the medical director and that the Center and Howard had performed Hill's abortion without obtaining her voluntary and informed consent, as required by Neb. Rev. Stat. § 28-327 (Reissue 1995). Hill claimed that Neb. Rev. Stat. § 28-327.04 (Reissue 1995) provided a cause of action against the Center and Howard for their failure to obtain an informed consent for the abortion, and she also alleged joint and several liability for negligent performance of an abortion.

Howard demurred to the amended petition, alleging that it failed to state a cause of action and that the action was barred by applicable statutes of limitation. The district court sustained the demurrer, concluding that the right to file an action against a physician for an act or omission in connection with professional efforts by the physician was controlled by Neb. Rev. Stat. § 44-2828 (Reissue 1993). The district court found that the cause of action arose on March 12, 1994, and was barred by the 2-year statute of limitations set forth in § 44-2828. Hill was granted 20 days to amend.

Hill's second amended petition was identical to the first amended petition except insofar as it alleged that the negligent performance of the abortion was "an element of the negligence referred to in Section 28-327.04." Howard demurred to the second amended petition on the grounds that it was barred by applicable statutes of limitation. The Center also demurred to the second amended petition on the grounds that it failed to state a cause of action against the Center.

Before the district court ruled on the demurrers to the second amended petition, Hill filed a third amended petition, which alleged that the manner in which the abortion was performed violated the standard of care due a woman in the performance of an abortion, which standard of care was commonly recognized and practiced by abortionists in the Omaha area. In all other respects, the third amended petition was identical to the second amended petition.

Howard's demurrer to the third amended petition was sustained on the grounds that the cause of action was barred by the 2-year statute of limitations in § 44-2828, and the district court dismissed the action against Howard. Hill timely appealed the dismissal, which appeal is before this court as case No. S-97-273.

Subsequently, the district court sustained a demurrer by the Center to the third amended petition, which demurrer alleged that the petition failed to state a cause of action and was barred by the statute of limitations. The district court found that civil liability pursuant to § 28-327(3) depended upon the Department of Health's having published certain materials at the time the physician was required to inform the woman of her right to review them. The district court found that this was a condition precedent to a civil suit against a defendant under § 28-327(3) and that there was no allegation in Hill's petition that the Department of Health had published and made available these materials. Regarding Hill's claim that the abortion was negligently performed, the district court concluded that the Center's liability for an abortion performed negligently by Howard was based on the doctrine of respondeat superior and that since the statute of limitations had run against Howard, a claim made against the principal for the negligent conduct of its agent against whom the statute of limitations had run was also barred. Hill was given 10 days within which to further amend.

The Center later moved for an order dismissing the action against it for the reason that the district court had sustained the Center's demurrer to Hill's third amended petition and Hill had failed to further amend. Hill filed a "confession" to the Center's motion to dismiss, elected to stand on her third amended petition, and did not further plead. The district court sustained the Center's motion and dismissed the action against the Center. Hill's appeal from the dismissal of the Center is before this court as case No. S-97-408.

## ASSIGNMENTS OF ERROR

Hill claims the district court erred in finding that the medical malpractice statute of limitations governed, rather than the statute of limitations on a statutory liability, and in sustaining the demurrers and dismissing her petition.

## ANALYSIS

Hill asserts that her third amended petition stated a cause of action under § 28-327.04 and that it did not state a cause of action under the Nebraska Hospital-Medical Liability Act (NHMLA), Neb. Rev. Stat. §§ 44-2801 to 44-2855 (Reissue 1993 & Cum. Supp. 1996), or under common-law principles of professional negligence. Both professional negligence actions under the NHMLA and professional negligence actions under common law are governed by a 2-year statute of limitations. Hill argues that her action is governed by the 4-year statute of limitations for an action upon a liability created by statute. See Neb. Rev. Stat. § 25-206 (Reissue 1995).

Section 28-327.04 sets forth consequences for violating § 28-327 and the elements necessary to obtain voluntary and informed consent to an abortion procedure. Section 28-327.04 provides:

> Any person upon whom an abortion has been performed or attempted in violation of section 28-327 or the parent or guardian of a minor upon whom an abortion has been performed or attempted in violation of such section shall have a right to maintain a civil cause of action against the person who performed the abortion or attempted to perform the abortion. A violation of such section shall be prima facie evidence of professional negligence. The written certification prescribed by subdivision (3) of section 28-327 signed by the person upon whom an abortion has been performed or attempted shall constitute and create a rebuttable presumption of full compliance with all provisions of section 28-327 in favor of the physician who performed or attempted to perform the abortion, the referring physician, or the agent of either. The written certification shall be admissible as evidence in the cause of action for professional negligence or in any criminal action. If judgment is rendered in favor of the plaintiff in any such action, the court shall also render judgment for a reasonable attorney's fee in favor of the plaintiff against the defendant.

Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an indepen-

dent, correct conclusion irrespective of the determination made by the court below. *Board of Regents v. Pinzon, ante* p. 145, 575 N.W.2d 365 (1998). In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Id.* Generally, it is the court's duty to give effect to the purpose and intent of the Legislature as ascertained from the statute itself, considering the entire language of the statute in its plain, ordinary, and popular sense. See *SID No. 1 v. Nebraska Pub. Power Dist.*, 253 Neb. 917, 573 N.W.2d 460 (1998).

The stated purpose of Neb. Rev. Stat. §§ 28-325 to 28-345 (Reissue 1995) is to provide protection for the life of the unborn child whenever possible. See § 28-325. Section 28-327 requires that no abortion be performed except with the voluntary and informed consent of the woman upon whom the abortion is to be performed, and § 28-327.04 provides that any woman upon whom an abortion has been attempted or performed may bring a civil action against the person who performed or attempted to perform an abortion in violation of § 28-327 and that such violation is prima facie evidence of professional negligence. Section 28-327.04 specifically describes the cause of action as one for professional negligence by stating that "[t]he written certification shall be admissible as evidence in the cause of action for professional negligence or in any criminal action."

We conclude that the Legislature did not intend for § 28-327 to create a cause of action under § 25-206, which provides: "An action upon a contract, not in writing, expressed or implied, or an action upon a liability created by statute, other than a forfeiture or penalty, can only be brought within four years."

We have held that any professional misconduct or any unreasonable lack of skill or fidelity in the performance of professional or fiduciary duties is malpractice and comes within the professional or malpractice statute of limitations. *Olsen v. Richards*, 232 Neb. 298, 440 N.W.2d 463 (1989). An action for failure to obtain informed consent is an action for professional misconduct. See *Giese v. Stice*, 252 Neb. 913, 567 N.W.2d 156 (1997).

The district court correctly determined that Hill's action against Howard was one for professional negligence and that a 2-year statute of limitations applied. Hill's cause of action accrued on March 12, 1994, when the abortion was performed. See *Tiwald v. Dewey*, 221 Neb. 547, 378 N.W.2d 671 (1985) (cause of action for professional malpractice accrues and statute of limitations begins to run at time of act or omission which is alleged to be professional negligence that is basis for cause of action). Hill first named Howard as a defendant in her amended petition filed on July 5, 1996, and Hill made no allegation which would toll the 2-year statute of limitations. When it is apparent from the face of a petition that the cause of action asserted is ostensibly barred by the statute of limitations, the petition is demurrable as failing to state a cause of action unless the plaintiff alleges some excuse which tolls the operation and bar of the statute. *Giese v. Stice, supra.* After giving Hill three opportunities to amend, the district court properly dismissed the action against Howard for the reason that it was barred by the statute of limitations.

In contrast, Hill's action against the Center was commenced within 2 years from the date the abortion was performed. The Center argues that Hill's third amended petition fails to state a cause of action against it. Hill's third amended petition stated: "Defendants, and each of them, are jointly and severally liable to plaintiff because of their joint participation in the abortion procedure." We must consider whether Hill's third amended petition in fact sets forth any facts which could support liability on the part of the Center. When reviewing an order sustaining a demurrer, an appellate court accepts the truth of the facts which are well pled, together with the proper and reasonable inferences of law and fact which may be drawn therefrom, but does not accept as true the conclusions of the pleader. *Lawry v. County of Sarpy, ante* p. 193, 575 N.W.2d 605 (1998). A statement of facts sufficient to constitute a cause of action means a narrative of events, acts, and things done or omitted which show a legal liability of the defendant to the plaintiff. See *Coburn v. Reiser, ante* p. 495, 577 N.W.2d 289 (1998).

As to Hill's alleged cause of action for failure to obtain informed consent in accordance with § 28-327, § 28-327.04

provides that the right of action for violation of § 28-327 is "against the person who performed the abortion or attempted to perform the abortion." This limitation is consistent with § 28-327(1), which provides that the duty to obtain informed consent as set forth in § 28-327 is placed upon "the physician who is to perform the abortion . . . the referring physician, or . . . a licensed physician assistant or registered nurse who is an agent of either." The Center was not a person who performed or attempted to perform an abortion on Hill. Neither is there any allegation that the Center was an agent of the physician who was to perform the abortion or of the referring physician. Therefore, Hill's third amended petition fails to allege facts to support liability for violation of § 28-327.

Similarly, under both common law and the NHMLA, Hill has failed to allege facts to support liability on the part of the Center for the alleged failure to obtain informed consent. In both common-law professional negligence actions and actions under the NHMLA, we have held that a hospital has no independent duty to obtain a patient's informed consent to a surgical procedure to be performed by a physician who is not an employee of the hospital and that such duty lies exclusively with the treating physician. See *Giese v. Stice*, 252 Neb. 913, 567 N.W.2d 156 (1997). Hill fails to allege an employment relationship between the Center and Howard.

In addition to alleging a cause of action against the Center for failure to obtain informed consent, Hill also alleged in her third amended petition that "[a]s an element of the negligence referred to in Section 28-327.04 . . . the abortion was negligently performed resulting in an incomplete abortion." Specifically, Hill alleged that fetal tissue was left in her uterus and that the leaving of fetal tissue violated the standard of care commonly recognized and practiced by abortionists in the Omaha area.

For reasons already discussed, Hill does not have a cause of action against the Center under § 28-327.04, which sets forth specific elements of informed consent to an abortion procedure. However, even considering her third amended petition as a potential action for professional negligence under common law or the NHMLA, Hill fails to set forth facts sufficient to state a

cause of action against the Center for negligently leaving fetal tissue in her uterus. The third amended petition sets forth the legal conclusion that the Center and Howard were jointly and severally liable, but alleges no facts which would indicate any negligence on the part of the Center. In particular, the third amended petition does not allege any facts as to how the Center or its agents participated in the abortion procedure or otherwise negligently contributed to her injury. Nor, as already discussed, does the third amended petition allege that there was an employment relationship between the Center and Howard such that the Center might be vicariously liable for Howard's actions.

We conclude that the district court correctly sustained the Center's demurrer, albeit for reasons different from those stated by the district court. Where the record demonstrates that the decision of the trial court is correct, although such correctness is based on a different ground from that assigned by the trial court, the appellate court will affirm. *Swift v. Dairyland Ins. Co.*, 250 Neb. 31, 547 N.W.2d 147 (1996). Hill's third amended petition failed to state a cause of action against the Center. In addition, the record shows that the Center moved for dismissal of Hill's third amended petition and that Hill confessed to the motion. Therefore, Hill is precluded from objecting to the district court's dismissal of the third amended petition and has waived any objection to the dismissal. A plaintiff cannot consent to an order of dismissal and seek review of the order. See *Robins v. Sandoz*, 175 Neb. 5, 120 N.W.2d 360 (1963) (party is not entitled to prosecute error upon granting of order or rendition of judgment when same was made with party's consent or upon party's own application).

## CONCLUSION

The judgments of the district court dismissing Hill's third amended petition against Howard and the Center are affirmed.

AFFIRMED.