Christopher HOOD, Franklin Maden, individually and as Class Representatives, Plaintiffs–Appellants,

v.

PLANTATION GENERAL MEDICAL CENTER, LTD., a Florida Limited Partnership, Westside Medical Center, foreign corporation doing business in Florida, Columbia/HCA Healthcare Corporation, Defendants–Appellees.

No. 99–10655.

United States Court of Appeals, Eleventh Circuit.

May 17, 2001.

---

3. Harrell's request for oral argument is denied.

Peter Loblack, Law Office of Peter Loblack, P.A., Miami, FL, for Plaintiffs–Appellants.

Richard M. Hanchett, Dinita L. James, Trenam, Kemker, Scharf, Barkin, Frye, O'Neill, Tampa, FL, for Defendants–Appellees.

Before EDMONDSON, BLACK and McKAY*, Circuit Judges.

PER CURIAM:

This appeal is about the need for a final decision—for all parties and for all claims—by a district court before a court of appeals can consider the merits of an appeal.

Plaintiffs Christopher Hood and Franklin Maden sued Defendant Plantation General Medical Center alleging racial discrimination in procurement activities in violation of 42 U.S.C. §§ 1981 and 2000d *et seq.* Plaintiffs are black businessmen engaged in securing procurement contracts for minority-owned businesses. Maden is also the principal stockholder in Micro Development Technology ("Micro").

The district court dismissed the section 2000d claim for lack of standing and dismissed Maden as a party plaintiff on both claims ("January Order"); the only remaining viable claim was Hood's section 1981 claim. The court also granted the

parties 20 days to file an amended complaint complying with the January Order. Both Plaintiffs appealed. But Plaintiffs did not file for a Rule 54(b) certificate that would have allowed the district judge to direct express entry of a final appealable judgment.[1] Fed.R.Civ.P. 54.

While the first appeal was pending, a series of events occurred. First, the parties amended the complaint to add Micro as a new plaintiff; Micro also asserted a section 1981 claim. Second, the district court granted Hood's motion to dismiss his section 1981 claim with prejudice;[2] then, only Micro remained as a party. Third, Plaintiffs filed an amended notice of appeal claiming that the dismissal with prejudice of Hood's section 1981 claim made the January order appealable. Fourth, the district court dismissed Micro's remaining section 1981 claim without prejudice, thereby leaving no litigation pending with the court. Micro is not a party to this appeal, and Maden seemingly has abandoned his interest in the appeal.

Hood asserts that we have jurisdiction under 28 U.S.C. § 1291.[3] He claims that the dismissal of the section 2000d claim and the later voluntary dismissal of his section 1981 claim with prejudice creates a final judgment for Plaintiff Hood. But when more than one claim or more than one party exists, "a district court order is a 'final decision' if [the order]

---

* Honorable Monroe G. McKay, U.S. Circuit Judge for the Tenth Circuit, sitting by designation.

1. No interlocutory appeal is available for standing issues, absent a Rule 54(b) certification. *See Citizens Concerned About Our Children v. School Bd. of Broward Co.,* 193 F.3d 1285, 1289–91 (11th Cir.1999); *see also Summit Medical Associates, P.C. v. Pryor,* 180 F.3d 1326, 1334 (11th Cir.1999) ("Although a district court's standing determination conclu-

sively resolves a disputed question and settles an important issue separate from the merits of the case, courts have recognized that the issue of standing is not effectively unreviewable on appeal from a final judgement.").

2. Hood alternatively requested a Rule 54(b) certificate.

3. Section 1291 permits appeal of a district court's final decisions. 28 U.S.C. § 1291.

either: (1) adjudicates all the claims against all the parties in the action; or (2) explicitly states that 'there is no just reason for delay' and expressly directs the entry of final judgment as to one or more of the parties but not all of them." *Schoenfeld v. Babbitt,* 168 F.3d 1257, 1265 (11th Cir.1999) (internal citations omitted). Here, one claim remained for one of the parties (Micro's § 1981 claim); and Plaintiff received no Rule 54(b) certification from the district court.

■ This circuit follows the rule established in *Ryan v. Occidental Petroleum Corp.,* 577 F.2d 298 (5th Cir.1978), that partial adjudication on the merits, followed by voluntary dismissal without prejudice of a pending claim, does not create a final appealable order. *Id.* at 302; *State Treasurer of Mich. v. Barry,* 168 F.3d 8, 14–16 (11th Cir.1999) (reaffirming *Ryan*'s rule as 1. consistent with 28 U.S.C. § 1291; 2. followed by two other circuits; 3. allowing district courts, not litigants, to control when and what interim orders are appealed; 4. forcing litigants to make hard choices and to evaluate seriously their cases; and 5. circuit precedent for 25 years); *see also Construction Aggregates, Ltd. v. Forest Commodities Corp.,* 147 F.3d 1334 (11th Cir.1998) (no jurisdiction to review order granting summary judgment against party when that party later voluntarily dismissed its counterclaim without prejudice); *Mesa v. United States,* 61 F.3d 20 (11th Cir.1995) (no jurisdiction to review order dismissing some claims where plaintiff later voluntarily dismissed remaining claims without prejudice).

■ *Ryan*'s rule extends to bar jurisdiction here.[4] When the district court dismissed the section 2000d claim for lack of standing, Hood's total claims were only partially dismissed. Micro was added as a party plaintiff, and then Hood voluntarily moved to dismiss his section 1981 claim with prejudice. Therefore, Micro's section 1981 claim was still alive when Hood moved to dismiss his own section 1981 claim; so Hood's voluntary dismissal could not create a final order.[5] Micro then dismissed its section 1981 claim without prejudice, thereby retaining the right to refile its section 1981 claim. Thus, the litigation is not finally over for all parties on all claims. *See Barry,* 168 F.3d at 13 ("[V]oluntary dismissals, granted without prejudice, are not final decisions themselves and also do not transform an earlier partial dismissal . . . into a final decision.").

Hood attempts to distinguish *Ryan* and its progeny because Hood was no party to the suit when Micro dismissed its section 1981 claim without prejudice, and because Maden (Micro's principal shareholder) has abandoned his right to appeal. These distinctions are not persuasive. The important point remains: when Hood moved to dismiss his claim, Micro—who had been added as a party in the amended complaint that Hood also joined—still had viable claims before the court; and, even later, Micro's claim was dismissed with no prejudice. *Ryan*'s rule and the policy arguments in support of the rule extend to this

---

**4.** Because this case involved no third-party claims, *CSX Transp., Inc. v. City of Garden City,* 235 F.3d 1325 (11th Cir.2000), which limited *Ryan*'s rule, does not alter our analysis.

**5.** That Hood moved to dismiss his section 1981 claim with prejudice rather than without prejudice does not change our conclusion. The litigation as a whole still involved parties with pending claims. Complete adjudication for one party—while litigation remains pending for other parties—does not create a final judgment. *See* Fed.R.Civ.P. 54(b). Hood still needed to obtain Rule 54(b) certification to appeal because Micro's section 1981 claim was still pending and, even now, has not been dismissed with prejudice.

situation. Thus, because no final appealable order underlies this appeal, we lack jurisdiction to consider the appeal.[6]

DISMISSED FOR LACK OF JURISDICTION.

---

**6.** Because we dismiss for lack of jurisdiction, we do not consider whether the district court applied the proper test to determine standing.