## MICHELLE SMITH, APPELLANT, V.
## LINCOLN MEADOWS HOMEOWNERS ASSOCIATION, INC.,
## A NEBRASKA CORPORATION, APPELLEE.

678 N.W.2d 726

Filed April 23, 2004.   No. S-02-1467.

Thomas E. Zimmerman, of Jeffrey, Hahn, Hemmerling & Zimmerman, P.C., for appellant.

Mark A. Christensen and Pamela Epp Olsen, of Cline, Williams, Wright, Johnson & Oldfather, L.L.P., for appellee.

HENDRY, C.J., CONNOLLY, GERRARD, MCCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

## BACKGROUND

This is a premises liability action, in which the plaintiff, Michelle Smith, alleged that she was injured on the premises of Lincoln Meadows Homeowners Association, Inc. (Homeowners Association), when the Homeowners Association's swing set broke. Smith sued the Homeowners Association, alleging damages including broken bones, spinal injuries, disability, lost wages, and, most pertinent, that her fall triggered the onset of multiple sclerosis (MS). The Homeowners Association filed a pretrial motion for partial summary judgment on the allegation of MS, in conjunction with a motion in limine to exclude the plaintiff's expert testimony supporting that allegation.

The district court held a hearing to determine if the plaintiff's expert testimony satisfied the standards adopted in *Schafersman v. Agland Coop*, 262 Neb. 215, 631 N.W.2d 862 (2001). The court concluded that the plaintiff's expert testimony was inadmissible and granted the Homeowners Association's motion in limine. Because Smith was without admissible expert testimony to support her MS allegation, the court entered partial summary judgment with respect to that component of Smith's damages.

Smith then filed a motion to dismiss her sole cause of action, without prejudice, purporting to reserve her right to appeal from the partial summary judgment. In particular, the motion asked the court

> for a final ORDER dismissing the above-entitled action without prejudice in accordance with Neb. Rev. Stat. § 25-601(1) (Reissue 1995). In keeping with this Motion, Plaintiff expressly reserves her right to appeal this Court's Order dated January 18, 2002 granting partial summary judgment on the issue of multiple sclerosis to the Defendant.

The court granted the motion to dismiss without prejudice, stating, in an order prepared by Smith's counsel, that "the Plaintiff shall have the right if she so elects to timely appeal this Court's now final ruling on the issue of multiple sclerosis as contained in the Court's order dated January 18, 2002." The court's order

dismissed Smith's petition without prejudice. Smith then filed a notice of appeal.

## ASSIGNMENTS OF ERROR

Smith assigns, consolidated and restated, that the court erred in granting the Homeowners Association's motion in limine excluding the testimony of Smith's expert witness and in granting the Homeowners Association's motion for partial summary judgment.

## STANDARD OF REVIEW

A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *Mumin v. Dees*, 266 Neb. 201, 663 N.W.2d 125 (2003).

## ANALYSIS

Before reaching the legal issues presented for review, it is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties. *Bailey v. Lund-Ross Constructors Co.*, 265 Neb. 539, 657 N.W.2d 916 (2003). For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken; conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders. *Pennfield Oil Co. v. Winstrom*, *ante* p. 288, 673 N.W.2d 558 (2004).

In this appeal, Smith's voluntary dismissal without prejudice of her only cause of action is, quite clearly, an attempt to obtain interlocutory review of an order that would otherwise not be appealable. See, e.g., *Cerny v. Longley*, 266 Neb. 26, 661 N.W.2d 696 (2003) (explaining limited circumstances under which partial summary judgment may be appealed). Because of doubts concerning our appellate jurisdiction, prior to oral argument in this matter, we entered an order to show cause why this appeal should not be dismissed for lack of a final, appealable order. Smith's argument in response to our order to show cause is unpersuasive, and we conclude that there is no final order in this case.

Smith does not dispute that absent her voluntary dismissal, the partial summary judgment and the court's ruling on the motion in limine would not be appealable orders. See *Cerny,*

*supra.* Therefore, the question presented here is whether a voluntary dismissal without prejudice, under these circumstances, can effectively create finality and confer appellate jurisdiction.

Our case law makes clear that it cannot. We have previously explained that a plaintiff cannot consent to an order of dismissal and seek review of the order. *Hill v. Women's Med. Ctr. of Neb.*, 254 Neb. 827, 580 N.W.2d 102 (1998). Only a party aggrieved by an order or judgment can appeal; one who has been granted that which he or she sought has not been aggrieved. *Federal Dep. Ins. Corp. v. Swanson*, 231 Neb. 148, 435 N.W.2d 659 (1989), *overruled in part on other grounds, Eccleston v. Chait*, 241 Neb. 961, 492 N.W.2d 860 (1992). See, also, *Wrede v. Exchange Bank of Gibbon*, 247 Neb. 907, 531 N.W.2d 523 (1995) (recognizing overruling in part). Simply put, "a party is not entitled to prosecute error upon the granting of an order or the rendition of a judgment when the same was made with his [or her] consent, or upon his [or her] application." *Robins v. Sandoz*, 175 Neb. 5, 11-12, 120 N.W.2d 360, 364 (1963). Accord *Hill, supra.*

In *State v. Dorcey*, 256 Neb. 795, 592 N.W.2d 495 (1999), Michael Dorcey was charged in the county court with driving under the influence of alcohol. The county court granted Dorcey's pretrial motion to suppress evidence, and the county attorney, on behalf of the State, voluntarily dismissed the complaint. Thereafter, the State filed a notice of its intent to appeal the county court's order sustaining the motion to suppress. On appeal, the district court concluded that it had no jurisdiction to consider the State's appeal because the notice of appeal was filed by the State in a voluntarily dismissed case. We agreed, stating that "[w]hen a case is dismissed by a party, the controversy between the parties upon which a trial court may act ends." *Id.* at 799, 592 N.W.2d at 498.

> Parties to a case are incapable of pursuing judicial relief in the case after it has been voluntarily dismissed. . . . Where the case is voluntarily dismissed, there is no final order on the law or facts of the case . . . nor has there been a decision on the merits. . . . Accordingly, no appeal will lie.

(Citations omitted.) *Id.* at 799-800, 592 N.W.2d at 498. See, also, *State v. Jacob*, 256 Neb. 492, 591 N.W.2d 541 (1999).

In response to our order to show cause, Smith relies on *Iwanski v. Gomes*, 259 Neb. 632, 611 N.W.2d 607 (2000), which Smith claims presents an analogous situation to the instant case. In that case, Judy Iwanski sued her physician and former employer, William Gomes, for professional negligence and intentional infliction of emotional distress, attributing her severe emotional distress to the lingering effects of a defunct sexual relationship with Gomes. The district court granted partial summary judgment for Gomes. First, the court concluded that Gomes' conduct did not constitute intentional infliction of emotional distress, as a matter of law. Second, the court concluded that the sexual contact between the parties was not sufficiently linked to medical treatment to support the theory of professional negligence. The court denied summary judgment, however, as to any acts arising in the course of medical treatment. Iwanski voluntarily dismissed the remaining allegations and filed a timely appeal from the court's order dismissing the operative petition. This court, without discussing appellate jurisdiction, disposed of Iwanski's appeal on the merits. See *id.*

However, *Iwanski* is distinguishable from the case at bar. In *Iwanski*, the district court dismissed distinct theories of recovery and Iwanski voluntarily dismissed her other allegations in order to resolve all the matters pending before the court. Even setting aside the voluntarily dismissed allegations, the two theories of recovery against which partial summary judgment had been entered remained for appellate review. Iwanski did not attempt to prosecute error with respect to any of the allegations she voluntarily dismissed.

In this case, however, Smith brought a single cause of action, with a single theory of recovery. That cause of action remained viable after the district court's partial summary judgment as to one element of damages. Smith voluntarily dismissed her only cause of action, without prejudice, and the errors she assigns on appeal relate solely to the cause of action she dismissed. The holdings of *State v. Dorcey*, 256 Neb. 795, 592 N.W.2d 495 (1999), and *Robins v. Sandoz*, 175 Neb. 5, 120 N.W.2d 360 (1963), are squarely on point in this circumstance.

Smith also relies on federal authority that, according to her, supports the exercise of appellate jurisdiction over a case that

has been voluntarily dismissed at the trial level. But the authority cited does not support Smith's argument. For instance, Smith cites *Hicks v. NLO, Inc.*, 825 F.2d 118 (6th Cir. 1987), for the proposition that "parties can stipulate under [Fed. R. Civ. P.] 41(a) to dismissals of remaining claims without prejudice to obtain finality for an otherwise interlocutory order that the parties seek to appeal before proceeding to trial." Memorandum brief for appellant in response to order to show cause at 3. But *Hicks*, 825 F.2d at 120, specifically holds that

> [w]here a court has entered judgment against a plaintiff in a case involving more than one claim and the plaintiff voluntarily dismisses the claim or claims, which made the judgment non-appealable and the dismissal is brought to the attention of the district court, this Court will not penalize the plaintiff by dismissing his or her appeal.

That rule has no application here. A claim, for these purposes, is equivalent to a separate cause of action. See *Keef v. State*, 262 Neb. 622, 634 N.W.2d 751 (2001). Even if we were to adopt the *Hicks* holding—a matter we have no occasion to decide here—this case does not present more than one claim.

Smith also directs our attention to authority from the Eighth Circuit apparently holding that a party may voluntarily dismiss claims, without prejudice, in order to expedite appellate review. See, e.g., *Helm Financial Corp. v. MNVA R.R., Inc.*, 212 F.3d 1076 (8th Cir. 2000); *Great Rivers Co-op. of S.E. Iowa v. Farmland Ind.*, 198 F.3d 685 (8th Cir. 1999). As with *Hicks, supra*, we have no cause to adopt or reject this holding in the instant case, because Smith voluntarily dismissed her only claim. But we note that the Eighth Circuit's holding is a minority view; the general rule is that a plaintiff cannot appeal from the dismissal of some claims when the balance of his or her claims have been voluntarily dismissed without prejudice. See, e.g., *Construction Aggregates v. Forest Commodities Corp.*, 147 F.3d 1334 (11th Cir. 1998); *Chappelle v. Beacon Communications Corp.*, 84 F.3d 652 (2d Cir. 1996); *Concha v. London*, 62 F.3d 1493 (9th Cir. 1995); *Cook v. Rocky Mountain Bank Note Co.*, 974 F.2d 147 (10th Cir. 1992); *Horwitz v. Alloy Automotive Co.*, 957 F.2d 1431 (7th Cir. 1992); *Management Investors v. United Mine Wkrs., Etc.*, 610 F.2d 384 (6th Cir. 1979). See, generally, 15A Charles Alan Wright

et al., Federal Practice and Procedure § 3914.8 (1992 & Supp. 2002). Those courts have reasoned that "because a dismissal without prejudice does not preclude another action on the same claims, a plaintiff who is permitted to appeal following a voluntary dismissal without prejudice will effectively have secured an otherwise unavailable interlocutory appeal." *Chappelle*, 84 F.3d at 654.

We also note that although these federal decisions are not on point with respect to the instant case, the underlying reasoning of these decisions supports our determination here. As in *Chappelle*, 84 F.3d at 654, were we to conclude that appellate jurisdiction was proper in this case, we would effectively abrogate our long-established rules governing the finality and appealability of orders, as " 'the policy against piecemeal litigation and review would be severely weakened.' " When causes of action or theories of recovery are dismissed without prejudice, a plaintiff remains free to file another complaint raising those same claims. *Cook, supra.* "Thus, the litigation is not finally over for all parties on all claims." *Hood v. Plantation General Medical Center, Ltd.*, 251 F.3d 932, 934 (11th Cir. 2001). An order lacks finality, and concerns about piecemeal litigation are raised, unless a party's remaining claims are finally abandoned, i.e., dismissed with prejudice. See *Adonican v. City of Los Angeles*, 297 F.3d 1106 (9th Cir. 2002).

If an order is interlocutory, immediate appeal from the order is disallowed so that courts may avoid piecemeal review, chaos in trial procedure, and a succession of appeals granted in the same case to secure advisory opinions to govern further actions of the trial court. *State v. Meese*, 257 Neb. 486, 599 N.W.2d 192 (1999). To that end, the availability of interlocutory review has generally been limited to orders which affect substantial rights, or contain an express direction from the trial court that there is no just reason for delay, or where an appeal from a judgment dispositive of the entire case would not be likely to protect a party's interests. See, *Keef v. State*, 262 Neb. 622, 634 N.W.2d 751 (2001); *Richardson v. Griffiths*, 251 Neb. 825, 560 N.W.2d 430 (1997). If a "voluntary dismissal exception" were to provide a mechanism for securing appellate review of any trial court order, the "exception" would quickly subsume

the rule, and we would be left without any meaningful way to regulate interlocutory appeals.

■ We conclude that this case is subject to the rule that a party cannot move to voluntarily dismiss a case without prejudice, consent to entry of such an order, and then seek interlocutory appellate review of an adverse pretrial order. See *State v. Dorcey*, 256 Neb. 795, 592 N.W.2d 495 (1999). The remaining question is how to dispose of this appeal.

■ Generally, in the absence of a judgment or a valid order finally disposing of a case, an appellate court is without jurisdiction to act and must dismiss the purported appeal. *Cerny v. Longley*, 266 Neb. 26, 661 N.W.2d 696 (2003). However, though an extrajudicial act of a lower court cannot vest the appellate court with jurisdiction to review the merits of the appeal, the appellate court has jurisdiction and, moreover, the duty to determine whether the lower court had the power to enter the judgment or other final order sought to be reviewed. See *Ferguson v. Union Pacific RR. Co.*, 258 Neb. 78, 601 N.W.2d 907 (1999). In the present case, Smith sought to voluntarily dismiss her petition on the condition that she could reserve her right to appeal from the district court's partial summary judgment. This was a condition that the court was powerless to grant, and the court both erred and acted beyond its statutory authority when it purported to reserve Smith's right to appeal from a nonappealable order. We view the court's dismissal of Smith's petition as inextricable from its ultra vires reservation of the plaintiff's purported right to appeal. Consequently, we conclude that the appropriate disposition of this appeal is to vacate the district court's order dismissing Smith's petition, and dismiss this appeal.

## CONCLUSION

Smith's voluntary dismissal of her cause of action without prejudice did not create a final order from which an appeal could be brought to this court, and the district court acted beyond its authority when it dismissed Smith's petition while purporting to reserve her right to appeal from a nonappealable order. We vacate the district court's order dismissing Smith's petition and dismiss the appeal.

VACATED AND DISMISSED.

WRIGHT and STEPHAN, JJ., not participating.