Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
01/27/2017 09:08 AM CST

Rebecca G. Addy, Personal Representative of the Estate
of Raven J. Addy-Cruz, deceased, appellant,
v. Carlos J. Lopez et al., appellees.

___ N.W.2d ___

Filed January 27, 2017.    No. S-15-934.

1. **Jurisdiction: Final Orders: Appeal and Error.** An appellate court is without jurisdiction to entertain appeals from nonfinal orders.
2. **Judgments: Jurisdiction: Appeal and Error.** A jurisdictional issue that does not involve a factual dispute presents a question of law, which an appellate court independently decides.
3. **Final Orders: Appeal and Error.** A party cannot move to voluntarily dismiss a case without prejudice, consent to entry of such an order, and then seek interlocutory appellate review of an adverse pretrial order.

Appeal from the District Court for Lancaster County: Robert R. Otte, Judge. Appeal dismissed.

Kent A. Schroeder, of Ross, Schroeder & George, L.L.C., for appellant.

Robert S. Keith, of Engles, Ketcham, Olson & Keith, P.C., for appellee Werner Construction, Inc.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Heavican, C.J.

## INTRODUCTION

Raven J. Addy-Cruz was killed in an automobile accident caused by Lyle J. Carman. Carman was employed by Lopez Trucking. Lopez Trucking, in turn, had been hired by Werner

Construction, Inc. (Werner), to haul debris from a construction site. At issue in this appeal is whether Werner is liable for wrongful death, because Carman was working on a Werner jobsite prior to the accident. We dismiss for lack of a final, appealable order.

## BACKGROUND

Addy-Cruz was the victim of an automobile accident on June 7, 2012. She died of her injuries on June 9. The accident was caused when a dump truck driven by Carman rear-ended the vehicle driven by Addy-Cruz, causing it to leave the roadway and overturn in a ditch. Carman was employed by Lopez Trucking and acting within the scope of that employment at the time of the accident.

Rebecca G. Addy, the personal representative of Addy-Cruz' estate, filed a wrongful death suit against Carman; Carlos J. Lopez, owner of Lopez Trucking; and Werner. Werner sought summary judgment, which was granted.

Shortly after Werner was dismissed, Addy moved for judgment on the pleadings, but apparently that order was never ruled upon. Instead, it appears that Addy agreed to dismiss the cause without prejudice, but initially failed to do so. On July 1, 2015, the district court dismissed the case for exceeding case progression standards. The case was reinstated on July 17.

On September 8, 2015, Addy, Carman, and Lopez entered a joint stipulation to dismiss without prejudice. The stipulation provided that the dismissal was "for the purpose of moving forward with an appeal of the Court's order . . . granting the motion for summary judgement filed by . . . Werner." The case was dismissed on September 9. Addy filed a notice of appeal on October 6, indicating that she was appealing from the order sustaining summary judgment in favor of Werner, which "became a final appealable order upon the entry of the 'Order' dismissing the case filed on September 9, 2015."

## ASSIGNMENTS OF ERROR

Addy assigns, restated and consolidated, that the district court erred in (1) sustaining Werner's motion for summary

judgment and (2) finding that Carman was not Werner's common-law or statutory employee.

## STANDARD OF REVIEW

[1] An appellate court is without jurisdiction to entertain appeals from nonfinal orders.[1]

[2] A jurisdictional issue that does not involve a factual dispute presents a question of law, which an appellate court independently decides.[2]

## ANALYSIS

As an initial matter, Werner contends that Addy is not appealing from a final order. We agree and dismiss Addy's appeal.

In this case, Addy acknowledges that her voluntary dismissal without prejudice of her only cause of action is an attempt to obtain interlocutory review of an order that would not otherwise be appealable,[3] namely, the order of the district court granting Werner's motion for summary judgment.

We were presented with a similar procedural tactic in *Smith v. Lincoln Meadows Homeowners Assn.*[4] In *Smith*, the plaintiff, Michelle Smith, filed a premises liability action alleging that a fall from a swing set owned by a homeowners association caused broken bones, spinal injuries, disability, lost wages, and multiple sclerosis. The association sought, and was granted, partial summary judgment as to the allegation that the fall from the swing caused Smith's multiple sclerosis. The basis of that summary judgment was the granting of a motion in limine with respect to the expert testimony offered by Smith to support that allegation.

---

[1] *Platte Valley Nat. Bank v. Lasen*, 273 Neb. 602, 732 N.W.2d 347 (2007).

[2] See *Purdie v. Nebraska Dept. of Corr. Servs.*, 292 Neb. 524, 872 N.W.2d 895 (2016).

[3] See *Cerny v. Longley*, 266 Neb. 26, 661 N.W.2d 696 (2003).

[4] *Smith v. Lincoln Meadows Homeowners Assn.*, 267 Neb. 849, 678 N.W.2d 726 (2004).

Smith subsequently filed a motion to dismiss her sole cause of action, without prejudice, seeking to reserve in that motion the right to appeal from the partial summary judgment. The district court granted Smith's motion to dismiss without prejudice and noted in the order of dismissal that Smith had "'expressly reserve[d] her right to appeal this Court's Order . . . granting partial summary judgment on the issue of multiple sclerosis.'"[5]

[3] We concluded that we lacked jurisdiction over Smith's appeal because the appeal was not from a final order. We held that "a party cannot move to voluntarily dismiss a case without prejudice, consent to entry of such an order, and then seek interlocutory appellate review of an adverse pretrial order."[6] We then vacated the district court's dismissal of Smith's cause of action, noting that the district court was without power to voluntarily dismiss an action on the condition that Smith could then appeal from the district court's order of partial summary judgment.

We find *Smith* dispositive. Here, Addy seeks to dismiss without prejudice her one cause of action as to the two remaining parties. As in *Smith*, we conclude that she cannot do so in order to create finality and confer appellate jurisdiction where there would normally be none. To find appellate jurisdiction in such cases would "effectively abrogate our long-established rules governing the finality and appealability of orders, as 'the policy against piecemeal litigation and review would be severely weakened.'"[7]

## CONCLUSION

Addy's voluntary dismissal of her cause of action without prejudice did not create a final order from which an appeal could be brought. As such, we dismiss Addy's appeal.

Appeal dismissed.

---

[5] *Id.* at 850, 678 N.W.2d at 728-29.

[6] *Id.* at 856, 678 N.W.2d at 732.

[7] *Id.* at 855, 678 N.W.2d at 731.