Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/09/2021 08:09 AM CDT

Jennifer Mahlendorf, now known as Jennifer
Rasmussen-Sagan, appellant, v. Brian
Mahlendorf, appellee.

___ N.W.2d ___

Filed January 15, 2021.    No. S-20-257.

1. **Judgments: Appeal and Error.** Ordinarily, a party may not assign error
   on appeal to a judgment entered by consent.
2. **Judgments: Words and Phrases.** A consent judgment constitutes the
   agreement of the parties, made a matter of record by the court at their
   request. A consent judgment is not, strictly speaking, the act of a court,
   but, rather, the act of the parties to the suit.
3. **Judgments: Appeal and Error.** It is a generally accepted rule that,
   ordinarily, a consent judgment is not subject to appellate review. This
   should not be understood as a jurisdictional limitation, but, rather, as
   a rule limiting the scope of appellate review to those matters actually
   submitted to and determined by the court.
4. ____: ____. A party is not entitled to prosecute error upon the granting
   of an order or the rendition of a judgment when the same was made with
   his or her consent, or upon his or her application.
5. **Appeal and Error.** On appeal, a party cannot complain of error which
   the party has invited the court to commit.

Appeal from the District Court for Douglas County: Leigh
Ann Retelsdorf, Judge. Affirmed.

Angela Dunne, of Koenig Dunne, P.C., L.L.O., for appellant.

Nancy R. Shannon, of Cordell Law, L.L.P., for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke,
Papik, and Freudenberg, JJ.

STACY, J.

This is an appeal from an order of modification entered in a dissolution action. Because the order of modification reflects the negotiated agreement of the parties and was entered at their request, we affirm.

## I. FACTS

### 1. DISSOLUTION DECREE

The marriage of Jennifer Mahlendorf and Brian Mahlendorf was dissolved by the district court for Douglas County in 2010. The decree approved and incorporated a parenting plan negotiated by the parties. Jennifer was awarded sole legal and physical custody of the parties' two minor children, and Brian was awarded specific parenting time. Brian was ordered to pay monthly child support.

### 2. 2013 MODIFICATION

The decree was modified in 2013 to permit Jennifer to remove the children from Nebraska and relocate to Tennessee. The 2013 modification order approved and incorporated an amended parenting plan, negotiated by the parties, which addressed issues of child support, parenting time, and travel expenses. Under that plan, Brian was awarded 2 weeks of parenting time in Tennessee and 8 consecutive weeks of parenting time in Nebraska during summer break. The parties also agreed to a downward deviation in Brian's monthly child support. The court approved the downward deviation, finding it was in the children's best interests because "[Brian] will incur substantial travel expenses to travel to Tennessee to visit the minor children [and the downward] deviation also takes into consideration the abatement in child support for the extended summer parenting time exercised by [Brian]."

### 3. 2016 MODIFICATION

In March 2016, Jennifer filed a complaint to modify both child support and parenting time. She alleged there had been a material change in circumstances which justified

eliminating the downward deviation, because Brian had not traveled to Tennessee to visit the children and thus had incurred no travel expenses. She also alleged the children's increased participation in extracurricular activities supported a modification of Brian's summer parenting time.

The parties subsequently reached an agreement on these issues, and in June 2016, the district court entered a "Stipulated Order of Modification." That order approved the parties' agreement, which increased the amount of Brian's monthly child support obligation but continued the existing downward deviation. The stated justifications for continuing the downward deviation were the "anticipated travel expenses [Brian] may incur to travel to Tennessee to visit the minor children" and "the abatement in child support for [Brian's] extended summer parenting time with the minor children." The court approved the downward deviation, finding it was justified and in the children's best interests.

### 4. Current Modification

In 2019, Jennifer filed the complaint to modify, which is the subject of this appeal. Her operative amended complaint alleged there had been a material change in circumstances not anticipated by the parties at the time of the 2016 modification, which warranted a modification of Brian's child support obligation. Specifically, she requested that the downward deviation in child support be eliminated because Brian had not visited the children in Tennessee and thus had not incurred any travel expenses. She also alleged a material change in circumstances had occurred because the income of both parties had increased since the 2016 modification.

Brian's answer alleged there had been no material change in circumstances with respect to his travel expenses because the parties had addressed the issue in 2016 and agreed to continue the deviation for travel expenses he "may" incur. In other words, Brian contended the parties contemplated in 2016 that he may not actually incur the travel expenses in the future,

but nevertheless agreed to continue the deviation.[1] Brian also filed an application for an order to show cause as to why Jennifer should not be held in contempt for violating certain provisions of the 2016 order.

### (a) Trial

A 2-day bench trial was scheduled on Jennifer's complaint to modify and Brian's application to show cause. On the first day of trial, both parties appeared and were represented by counsel.

At the end of the first day, the parties invited the court to comment on the evidence adduced thus far. Among other things, the court commented on the request to eliminate the downward deviation, expressing skepticism about whether the evidence supported a material change in circumstances since the last modification. But the court also assured the parties that it had not prejudged the issue and would keep an open mind until all the evidence was submitted and the parties had rested. The court encouraged the parties to resolve the disputed issues if they were able.

Our bill of exceptions includes only the first day of trial and contains a notation that no record was made of the second day of trial. At oral argument before this court, the parties confirmed that the second day of trial did not occur, because they reached an agreement resolving all disputed matters.

### (b) 2020 Modification Order

On February 27, 2020, the court entered an order of modification reflecting the agreement of the parties. The order indicates it was prepared by Jennifer's attorney and was approved as to form by Brian's attorney.

---

[1] See, e.g., *Hotz v. Hotz*, 301 Neb. 102, 917 N.W.2d 467 (2018) (party seeking to modify child support must show material change in circumstances that occurred after entry of original decree or previous modification and was not contemplated when decree or previous modification was entered).

The order recites that "[p]rior to final submission of evidence, the parties reached an agreement." As relevant to the issues on appeal, the modification order provided that "no change shall be made in the downward deviation to child support," but it modified the amount of Brian's child support using the current incomes of both parties and considering afterborn children.

After the order of modification was entered, Jennifer filed this timely appeal, which we moved to our docket on our own motion.

## II. ASSIGNMENT OF ERROR

Jennifer assigns that the "trial court erred when it determined Brian was still entitled to a downward deviation in his child support obligation to account for travel expenses incurred by him to exercise parenting time when the evidence shows that [he] is not incurring any travel expenses."

## III. STANDARD OF REVIEW

[1] Ordinarily, a party may not assign error on appeal to a judgment entered by consent.[2]

## IV. ANALYSIS

Jennifer's argument on appeal is limited to challenging what she characterizes as the trial court's erroneous determination that the downward deviation in Brian's child support could not be modified. Before reaching her assignment of error, we consider whether she has fairly characterized the order from which she appeals.

### 1. APPEALS FROM CONSENT JUDGMENTS

[2] A consent judgment constitutes the agreement of the parties, made a matter of record by the court at their

---

[2] See *Smith v. Lincoln Meadows Homeowners Assn.*, 267 Neb. 849, 678 N.W.2d 726 (2004). Accord, *McArthur v. Thompson*, 140 Neb. 408, 299 N.W. 519 (1941); Annot., Right to Appellate Review of Consent Judgment, 69 A.L.R.2d 755 § 4[a] (1960) (and cases summarized in Supp. 2020).

request.[3] A consent judgment is not, "'strictly speaking, the act of a court, but rather the act of the parties to the suit.'"[4] We have explained:

> "The fact that a judgment is rendered by consent gives it neither less nor greater force or effect than it would have had had it been rendered after protracted litigation, except to the extent that the consent excuses error and operates to end all controversy between the parties. In this connection, it has been declared that a judgment by consent estops the parties from denying the facts it purports to establish. . . ."[5]

Similarly, the U.S. Supreme Court has explained:

> "Consent decrees are entered into by parties to a case after careful negotiation has produced agreement on their precise terms. The parties waive their right to litigate the issues involved in the case and thus save themselves the time, expense, and inevitable risk of litigation. Naturally, the agreement reached normally embodies a compromise; in exchange for the saving of cost and elimination of risk, the parties each give up something they might have won had they proceeded with the litigation. . . ."[6]

[3] Given the nature of consent judgments, most courts, including Nebraska, follow the generally accepted rule that, ordinarily, a consent judgment is not subject to appellate review.[7] This should not be understood as a jurisdictional limitation, but, rather, as a rule limiting the scope of appellate

---

[3] *McArthur, supra* note 2.

[4] *Id*. at 417, 299 N.W. at 523.

[5] *Id*. at 420, 299 N.W. at 525.

[6] *Firefighters v. Cleveland*, 478 U.S. 501, 522, 106 S. Ct. 3063, 92 L. Ed. 2d 405 (1986), quoting *United States v. Armour & Co*., 402 U.S. 673, 91 S. Ct. 1752, 29 L. Ed. 2d 256 (1971).

[7] See 69 A.L.R.2d, *supra* note 2, § 5.

review to those matters actually submitted to and determined by the court.[8]

[4,5] The rule as articulated by this court is that a party is not entitled to prosecute error upon the granting of an order or the rendition of a judgment when the same was made with his or her consent, or upon his or her application.[9] Similarly, Nebraska follows the rule that on appeal, a party cannot complain of error which the party has invited the court to commit.[10] We are persuaded that both of these rules support an affirmance in this appeal.

After the first day of trial, but before the evidence was concluded or the matters submitted for decision, the parties invited the court to share its general impression on the disputed issues. The trial court obliged and expressed skepticism about whether the evidence supported a material change in circumstances regarding the downward deviation in child support.[11] But the court made clear that it had not prejudged the issue and would keep an open mind until all matters were finally submitted. After this discussion, the parties left and did not return for the second day of trial.

Instead, apparently anticipating that the court would decline to modify the downward deviation, the parties chose to negotiate a mutually acceptable increase to Brian's child support which continued the existing downward deviation. Both parties were represented by counsel in those negotiations, and our record does not suggest the parties left any disputed issue for the court to determine. The parties confirmed as much at oral argument before this court.

---

[8] See *Weander v. Johnson*, 42 Neb. 117, 60 N.W. 353 (1894) (holding party who consents to judgment will not be heard to urge error in proceedings leading to it).

[9] *Smith, supra* note 2; *McArthur, supra* note 2.

[10] E.g., *In re Estate of Karmazin*, 299 Neb. 315, 908 N.W.2d 381 (2018).

[11] See *Hotz, supra* note 1.

The district court approved the parties' negotiated settlement agreement and entered an order which, in all respects, modified the decree in accordance with that agreement. On this record, the disputed issues were never submitted to the court for determination, and the provisions of the order of modification reflect the negotiated agreement of the parties. Of course, the court was not bound by the parties' agreement to the extent it pertained to the custody or support of minor children,[12] but Jennifer does not argue on appeal that the court erred in accepting the parties' agreement and finding it to be in the best interests of the children.

Because the disputed issues were not ultimately submitted to the court, the 2020 order of modification cannot fairly be characterized as the court's independent rulings on disputed issues. Instead, the order of modification approved the parties' agreement on the disputed issues and was, in all respects, a consent judgment entered at the request of the parties.

## V. CONCLUSION

Jennifer is not entitled to assign error to a consent judgment which reflects her negotiated agreement and which was entered at her request.[13] The judgment of the district court is affirmed.

AFFIRMED.

---

[12] See, Neb. Rev. Stat. § 42-366 (Reissue 2016); Neb. Ct. R. § 4-203 (2020) (requiring all stipulated agreements for child support to be reviewed against guidelines and stating any deviations therefrom must be approved by court in light of best interests of child).

[13] See, *Smith, supra* note 2; *McArthur, supra* note 2; *Weander, supra* note 8.