Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/24/2017 09:08 AM CDT

Last Pass Aviation, Inc., et al., appellees, v.
Wester Cooperative Company, appellant.

___ N.W.2d ___

Filed March 24, 2017.    No. S-16-207.

1. **Jurisdiction: Appeal and Error.** A jurisdictional question which does
   not involve a factual dispute is determined by an appellate court as a
   matter of law.
2. \_\_\_\_: \_\_\_\_. Before reaching the legal issues presented for review, it is
   the duty of an appellate court to determine whether it has jurisdiction
   over the matter before it, irrespective of whether the issue is raised by
   the parties.
3. **Final Orders: Appeal and Error.** A party cannot move to voluntarily
   dismiss a case without prejudice, consent to entry of such an order, and
   then seek interlocutory appellate review of an adverse pretrial order.
4. **Jurisdiction: Final Orders: Appeal and Error.** When an order adju-
   dicates fewer than all the claims of all the parties, appellate jurisdiction
   cannot be created by voluntarily dismissing, without prejudice, the
   claims on which the court has not yet ruled.

Appeal from the District Court for Box Butte County: Travis
P. O'Gorman, Judge. Appeal dismissed.

Steven W. Olsen and Adam A. Hoesing, of Simmons Olsen
Law Firm, P.C., for appellant.

Gary J. Nedved, of Keating, O'Gara, Nedved & Peter,
P.C., L.L.O., and Jon Worthman, of Worthman Law Office,
for appellees.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy,
Kelch, and Funke, JJ.

Stacy, J.

This action involves the enforceability of a covenant not to compete in a contract for the sale of an aerial spraying company. The district court granted declaratory judgment in favor of the seller, finding the covenant was overly broad and unenforceable. The parties then stipulated to dismiss the remaining claims without prejudice, and the buyer appealed the declaratory judgment ruling. Because we hold the procedure used here did not create a final order and did not confer appellate jurisdiction, we dismiss the appeal.

FACTS

In February 2011, Tony D. Peterson agreed to sell Last Pass Aviation, Inc., an aerial spraying company headquartered in Alliance, Nebraska, to Western Cooperative Company (Westco). The purchase agreement contained a covenant not to compete, which prohibited Last Pass Aviation and its principals from engaging in aerial spraying and chemical sales in the states of Nebraska, South Dakota, Wyoming, and Colorado for a period of 10 years.

In February 2014, Last Pass Aviation, Peterson, and his son Lucas J.H. Peterson (collectively Last Pass) filed this action seeking a declaratory judgment that the covenant not to compete between Last Pass and Westco was overbroad and unenforceable. Westco filed an answer and a counterclaim asking the court to enjoin Last Pass from "selling, dispersing, delivering or consigning any aerial spraying services or agricultural chemicals within the states of Nebraska, South Dakota, Wyoming or Colorado." The court issued a temporary injunction on April 28, 2014.

Subsequently, Westco filed an amended answer. The amended answer included two additional counterclaims alleging that Last Pass had breached the parties' purchase agreement and sought damages for lost profits and loss of goodwill based on the breaches.

Trial commenced on July 15, 2015, and it appears from the parties' pretrial filings that trial was held on all issues raised by the pleadings. After posttrial briefing, the court entered an order on September 28 finding the noncompete agreement was void and unenforceable because it was greater than reasonably necessary to protect the business interests of Westco both in geographical scope and duration. The September 28 order did not address Westco's counterclaims.

After the court issued the September 28, 2015, order, Last Pass filed a motion seeking damages and attorney fees related to the issuance of the temporary injunction. Last Pass relied on Neb. Rev. Stat. § 25-1079 (Reissue 2016) and *Koch v. Aupperle*[1] as authority for the motion. Before the court was able to rule on the motion, Westco filed a notice of appeal. That appeal was docketed in the Nebraska Court of Appeals as case No. A-15-972.

In November 2015, the Court of Appeals dismissed the appeal for lack of jurisdiction. That court's minute order cited Neb. Ct. R. App. P. § 2-107(A)(2) (rev. 2012) and *Malolepszy v. State*.[2] Section 2-107(A)(2) authorizes a Nebraska appellate court to summarily dismiss a case when it determines it lacks jurisdiction. *Malolepszy* held that under Neb. Rev. Stat. § 25-1315(1) (Reissue 2016), an order is final in a case involving multiple claims or parties only when there has been an explicit adjudication as to all claims and parties or the trial court has made an express determination that there is no just reason for delay of an appeal of an order disposing of less than all claims or parties.

After the cause was remanded, the parties filed a "Stipulated Motion to Dismiss Without Prejudice" in the district court. In this motion, the parties jointly requested dismissal, without

---

[1] *Koch v. Aupperle*, 277 Neb. 560, 763 N.W.2d 415 (2009).

[2] *Malolepszy v. State*, 270 Neb. 100, 699 N.W.2d 387 (2005).

prejudice, of Westco's breach-of-contract counterclaims and Last Pass' motion for damages and attorney fees. The stipulated motion recited:

[T]he Second and Third Amended Counterclaims were not addressed by the Order of this court entered on September 28, 2015. Under Neb. Rev. Stat. § 25-1315, such Order is not final and appealable because all claims were not addressed at the district court level. The Order of this court only addressed [Last Pass'] First and Second Causes of Action for declaratory relief . . . and [Westco's] First Amended Counterclaim for injunctive relief . . . . [Westco's] counterclaims will be available for refiling if desired.

Similarly . . . the parties state that [Last Pass'] Motion for damages and fees need only be addressed by the Court if the Court's Order of September 28, 2015 is affirmed on appeal. [Last Pass'] motion will be available for refiling if desired after the appeal is concluded.

The district court subsequently entered an order of dismissal without prejudice that largely mirrored the language of the parties' stipulated motion. The order of dismissal was prepared by Westco's counsel and approved as to form and content by Last Pass' counsel. The order identified those claims resolved by the court's earlier order of September 28, 2015 (specifically, Last Pass' action for declaratory relief and Westco's counterclaim for injunctive relief) and identified those claims which remained unresolved (specifically, Last Pass' motion for damages and fees and Westco's second and third amended counterclaims for breach of contract). The order purported to dismiss the unresolved claims and motion "without prejudice" and specifically provided for the refiling of the motion and the counterclaims after the appeal.

Westco timely appealed from the order of dismissal without prejudice. We moved the appeal to our docket on our

own motion pursuant to our statutory authority to regulate the caseloads of the appellate courts of this state.[3]

## ASSIGNMENTS OF ERROR

Westco assigns that the district court erred in (1) finding the geographic scope and duration of the covenant not to compete unreasonable, (2) finding no evidence supported the reasonableness of the 10-year duration, (3) placing upon it the burden of proving the reasonableness of the 10-year duration, (4) issuing an advisory opinion which did not resolve all of the issues between the parties, (5) failing to equitably reform or "blue pencil" the covenant not to compete, and (6) failing to receive into evidence a purchase agreement between Westco and another Nebraska aerial spraying company.

## STANDARD OF REVIEW

[1] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.[4]

## ANALYSIS

[2] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties.[5] After reviewing the record, we conclude we lack appellate jurisdiction because Westco has not appealed from a final order.

[3] We considered a similar situation in *Smith v. Lincoln Meadows Homeowners Assn.*[6] In *Smith*, the plaintiff brought

---

[3] See Neb. Rev. Stat. § 24-1106(3) (Reissue 2016).

[4] *Holdsworth v. Greenwood Farmers Co-op*, 286 Neb. 49, 835 N.W.2d 30 (2013); *In re Adoption of Amea R.*, 282 Neb. 751, 807 N.W.2d 736 (2011).

[5] *Sutton v. Killham*, 285 Neb. 1, 825 N.W.2d 188 (2013); *Carlos H. v. Lindsay M.*, 283 Neb. 1004, 815 N.W.2d 168 (2012).

[6] *Smith v. Lincoln Meadows Homeowners Assn.*, 267 Neb. 849, 678 N.W.2d 726 (2004).

a premises liability action and alleged the defendant's negligence caused her to suffer various damages, including broken bones and the onset of multiple sclerosis. The district court granted partial summary judgment in favor of the defendant on the allegation that damages included the onset of multiple sclerosis. The plaintiff then moved to dismiss her cause of action, without prejudice, so that she could appeal the grant of summary judgment. We found her appeal was not from a final order, as her voluntary dismissal was "quite clearly, an attempt to obtain interlocutory review of an order that would otherwise not be appealable."[7] We held it was clear that a party "cannot move to voluntarily dismiss a case without prejudice, consent to entry of such an order, and then seek interlocutory appellate review of an adverse pretrial order."[8]

We recently relied on *Smith* in *Addy v. Lopez*.[9] There, the plaintiff filed a wrongful death action against three defendants. After the trial court granted summary judgment in favor of one defendant, the parties entered into a joint stipulation to dismiss the claims against the remaining two defendants "without prejudice" in order to pursue an appeal of the summary judgment.[10] We held that such a procedure did not create appellate jurisdiction when there would otherwise be none because to do so would "'effectively abrogate our long-established rules governing the finality and appealability of orders, as "the policy against piecemeal litigation and review would be severely weakened."'"[11]

The same reasoning applies to the procedure used by the parties here. Westco's initial appeal was dismissed for lack of a final order. Once the matter was back before the district

---

[7] *Id*. at 851, 678 N.W.2d at 729.

[8] *Id*. at 856, 678 N.W.2d at 732.

[9] *Addy v. Lopez*, 295 Neb. 635, ___ N.W.2d ___ (2017).

[10] *Id*. at 636, ___ N.W.2d at ___.

[11] *Id*. at 638, ___ N.W.2d at ___, quoting *Smith, supra* note 6.

court, the parties did not seek rulings on the remaining counterclaims or motion for damages and fees, nor did they request an order directing final judgment under § 25-1315 on fewer than all of the claims or move to dismiss the remaining claims with prejudice. Instead, the parties stipulated to a voluntary dismissal, without prejudice, of the pending counterclaims and motion for damages and fees, with the stated intent to bring those matters back before the court for ruling, depending on the outcome of the appeal. Such a procedure does not create finality and confer appellate jurisdiction.

[4] When an order adjudicates fewer than all the claims of all the parties, appellate jurisdiction cannot be created by voluntarily dismissing, without prejudice, the claims on which the court has not yet ruled.[12] We conclude the order appealed from is not a final order, and we lack jurisdiction to consider the appeal.

APPEAL DISMISSED.

---

[12] See, *Addy, supra* note 9; *Malolepszy, supra* note 2; *Smith, supra* note 6.