Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/02/2021 08:11 AM CDT

Steven E. Clason, appellant, v. LOL Investments,
LLC, a Nebraska limited liability company, and
Producers Livestock Credit Corporation,
a Delaware corporation, appellees.

___ N.W.2d ___

Filed April 9, 2021.    No. S-20-667.

1. **Jurisdiction: Appeal and Error.** A jurisdictional question which does
   not involve a factual dispute is determined by an appellate court as a
   matter of law.
2. **Actions: Parties: Final Orders: Appeal and Error.** One may bring an
   appeal pursuant to Neb. Rev. Stat. § 25-1315(1) (Reissue 2016) only
   when (1) multiple causes of action or multiple parties are present, (2)
   the court enters a final order within the meaning of Neb. Rev. Stat.
   § 25-1902 (Cum. Supp. 2020) as to one or more but fewer than all of the
   causes of action or parties, and (3) the trial court expressly directs the
   entry of such final order and expressly determines that there is no just
   reason for delay of an immediate appeal.
3. **Claims: Parties: Final Orders: Appeal and Error.** In the absence of
   an express determination that there is no just reason for delay upon an
   express direction for the entry of judgment, orders, however designated,
   adjudicating fewer than all claims or the rights of fewer than all the
   parties are not final. Absent an entry of judgment under Neb. Rev. Stat.
   § 25-1315 (Reissue 2016), no appeal will lie unless all claims have been
   disposed as to all parties in the case.

Petition for further review from the Court of Appeals,
Pirtle, Chief Judge, and Riedmann and Arterburn, Judges,
on appeal thereto from the District Court for Furnas County,
James E. Doyle IV, Judge. Judgment of Court of Appeals
affirmed.

Terry K. Barber, of Barber & Barber, P.C., L.L.O., for appellant.

James H. Dodson, of Dodson & Dodson, for appellee LOL Investments, LLC.

Jason B. Bottlinger, of Bottlinger Law, L.L.C., for appellee Producers Livestock Credit Corporation.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Miller-Lerman, J.

## NATURE OF CASE

Steven E. Clason filed notice of his intent to appeal the order of the district court for Furnas County which denied his request to quiet title to certain property in his name and instead quieted title in the name of Producers Livestock Credit Corporation (PLCC). The Nebraska Court of Appeals determined that the district court's order was not appealable because the district court had not yet disposed of all the counterclaims set forth in PLCC's answer, and the Court of Appeals dismissed Clason's appeal for lack of jurisdiction. We granted Clason's petition for further review. We affirm the order of the Court of Appeals which dismissed the appeal.

## STATEMENT OF FACTS

Clason owned farm real estate (the property) located in Furnas County. Clason took out agricultural loans that were secured by a deed of trust on the property. After a series of assignments, the deed of trust was held by LOL Investments, LLC. Clason defaulted on his debt payments, and after giving the required notices, the deed trustee conducted a trustee's sale on October 24, 2019. The property was sold to PLCC.

Clason refused to surrender the property to PLCC. On November 22, 2019, PLCC filed an action against Clason for forcible entry and detainer in the county court for Furnas County. On December 16, while PLCC's action was still

pending in county court, Clason filed the present action in the district court for Furnas County. The county court dismissed the action filed by PLCC on the basis that it lacked jurisdiction because of the pendency of the action filed by Clason in the district court.

In his complaint filed in the district court, Clason alleged that for various reasons, the trustee's sale was invalid and the purported sale of the property to PLCC was void. Pursuant to Neb. Rev. Stat. § 25-21,112 (Reissue 2016), Clason requested that the court enter an order quieting title to the property in him.

PLCC filed an answer and counterclaim in which it generally denied that the trustee's sale was invalid. PLCC specifically denied that certain laws and regulations, which Clason had alleged were not followed, applied to the loans upon which Clason defaulted. PLCC also asserted various affirmative defenses, and it requested that Clason's complaint be dismissed.

For its counterclaim, PLCC alleged that the trustee's sale was valid and that PLCC was the legal owner of the property. PLCC set forth what it denominated as four "claims": (1) to quiet title in PLCC; (2) for ejectment of Clason from the property; (3) for unjust enrichment, to which PLCC alleged it was entitled to the fair market rental value for Clason's unlawful retention of the property since October 24, 2019, as well as real estate and occupation taxes PLCC had paid related to the property; and (4) for attorney fees pursuant to Neb. Rev. Stat. § 25-824 (Reissue 2016) on the basis that Clason's action was frivolous and brought in bad faith.

PLCC thereafter filed a motion for partial summary judgment in which it asserted that it was entitled to judgment as a matter of law on Clason's claim to quiet title and on its counterclaim to quiet title. PLCC requested an order quieting title to the property in favor of PLCC. LOL Investments filed a motion to dismiss Clason's complaint as to it, alleging that Clason failed to state a claim against it.

The district court held a hearing on PLCC's motion for partial summary judgment and LOL Investments' motion to dismiss. On August 12, 2020, following the hearing, the court filed an order titled "Judgment and Decree Quieting Title" in which it concluded that PLCC was entitled to judgment as a matter of law on Clason's complaint and on PLCC's counterclaim to quiet title and that Clason's complaint failed to state a claim against LOL Investments. The court therefore entered judgment in favor of PLCC and against Clason, dismissed Clason's complaint with prejudice, and ordered that title in the property be quieted in PLCC, with Clason's having no claim, right, title, or interest of any kind as to the property. On September 11, Clason filed a notice of his intent to appeal the August 12 order in which the court quieted title in PLCC.

The Court of Appeals dismissed the appeal for lack of jurisdiction on October 23, 2020. In its order, the Court of Appeals cited Neb. Rev. Stat. § 25-1315(1) (Reissue 2016) and stated that the August 12 order was not an appealable order "as there has yet to be a disposition of all of the claims set forth" in PLCC's answer and counterclaim.

We granted Clason's petition for further review.

## ASSIGNMENT OF ERROR

Clason claims that the Court of Appeals erred when it determined that the August 12, 2020, order was not a final, appealable order and when it therefore dismissed his appeal for lack of jurisdiction.

## STANDARD OF REVIEW

[1] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *In re Estate of Larson, ante* p. 240, 953 N.W.2d 535 (2021).

## ANALYSIS

Clason claims that the Court of Appeals erred when it dismissed his appeal. Clason contends that the district court's

August 12, 2020, order is appealable because the appeal was taken from an "order affecting a substantial right made during a special proceeding" within the meaning of Neb. Rev. Stat. § 25-1902 (Cum. Supp. 2020). Clason also relies on cases, notably *Peterson v. Damoude*, 95 Neb. 469, 470, 145 N.W. 847, 848 (1914), in which this court held, in the context of a partition proceeding, that "[a] judgment rendered upon the issue of title alone is a final judgment, from which appeal will lie, and which may be reviewed by this court while the partition proceedings are suspended." He argues that the reasoning in the partition cases should apply here and that the order quieting title in this case is a final judgment that may be appealed even though other claims were pending at the time Clason took an appeal.

Without regard to Clason's foregoing arguments, we note that the Court of Appeals dismissed this appeal on the basis of § 25-1315(1), which provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The Court of Appeals reasoned that although the August 12, 2020, order resolved Clason's claim to quiet title and PLCC's counterclaim to quiet title, proceedings regarding PLCC's

other counterclaims in this case remained pending, and that therefore, the appellate court had not acquired jurisdiction. We agree with the dismissal of this appeal on the basis explained by the Court of Appeals.

We recently discussed the operation of § 25-1315(1) in *TDP Phase One v. The Club at the Yard*, 307 Neb. 795, 950 N.W.2d 640 (2020).

[2,3] In *TDP Phase One v. The Club at the Yard*, we concluded that an order of partial summary judgment ordering restitution of property and resolving a claim for forcible entry and detainer was not appealable because other claims and counterclaims were not resolved and that in addition, no certification was made under § 25-1315. In reaching this conclusion, we stated, inter alia, that we did not need to determine whether the order of partial summary judgment was a final order under § 25-1902 or a judgment under Neb. Rev. Stat. § 25-1301 (Cum. Supp. 2018) because § 25-1315 was implicated and the district court did not certify the appeal as required by that statute. Paralleling the statute, we reasoned:

> With the enactment of § 25-1315(1), one may bring an appeal pursuant to such section only when (1) multiple causes of action or multiple parties are present, (2) the court enters a final order within the meaning of § 25-1902 as to one or more but fewer than all of the causes of action or parties, and (3) the trial court expressly directs the entry of such final order and expressly determines that there is no just reason for delay of an immediate appeal. In the absence of an express determination that there is no just reason for delay upon an express direction for the entry of judgment, orders, however designated, adjudicating fewer than all claims or the rights of fewer than all the parties are not final. Absent an entry of judgment under § 25-1315, no appeal will lie unless all claims have been disposed as to all parties in the case.

*TDP Phase One v. The Club at the Yard*, 307 Neb. at 807, 950 N.W.2d at 649.

In this case, PLCC's response raised multiple issues that it described as four separate "claims," and the August 12, 2020, order disposed of only PLCC's counterclaim to quiet title; PLCC's "claims" for ejectment, unjust enrichment, and attorney fees were not addressed in the order. Similar to our analysis in *TDP Phase One v. The Club at the Yard*, in this case, we need not consider Clason's argument that the August 12 order is a final order under § 25-1902. Even assuming that it is a final order for the reason urged by Clason, § 25-1315 does not permit appeal until either the remaining claims are resolved or the court enters judgment under § 25-1315, accompanied by an express determination that there is no just reason for delay of an appeal. We note that the district court in this case titled the order resolving title issues as a "Judgment and Decree Quieting Title." Despite titling the order as a "judgment," the order was not certified under § 25-1315, and without such determination, the "judgment" was not appealable in this case.

We also reject Clason's arguments based on our case law regarding partition actions. Clason cites *Peterson v. Damoude*, 95 Neb. 469, 145 N.W. 847 (1914), and other cases in which we have held that under certain circumstances, in a partition action that involves a dispute as to title, an order quieting title within the partition action is appealable as a final order even when additional issues regarding partitioning the property remain to be resolved. Clason argues that the reasoning used in the partition cases should be applied in this case and would lead to the conclusion that the order quieting title is appealable even though other issues remain to be resolved. We reject this argument.

In *Peterson v. Damoude*, 95 Neb. at 471, 145 N.W. at 848, this court recognized three classes of cases involving partition: (1) those "[w]here there is no controversy as to the ownership of the property in common and the right to partition, but the controversy is as to something relating to the partition . . ."; (2) those where there is an issue "as to the method of partition, and at the same time a distinct issue as to the title

and ownership of the property"; and (3) those "where everything depends upon the title and the nature of the title, and where, when that question is determined, the whole thing is determined." This court further noted that in cases of the second class—those involving distinct issues as to the method of partition and as to the title and ownership—"the parties would have a right to have their title first tried and determined." *Id*. If title is first tried and determined, "the order thereon would be a final order," but if the parties do not ask to have title first determined and instead all issues are tried together, "the parties should be held to have waived their right to appeal before the partition is completed." *Id*.

Clason generally argues that the procedure employed in this case was similar to that described in the second class of partition cases in *Peterson v. Damoude, supra*. Clason contends that the August 12, 2020, order quieting title should be appealable while other issues presented by the pleadings such as ejectment and unjust enrichment are still pending. However, Clason's argument does not properly account for § 25-1315.

We examined the interplay between the *Peterson v. Damoude* line of cases and § 25-1315 in *Guardian Tax Partners v. Skrupa Invest. Co.*, 295 Neb. 639, 889 N.W.2d 825 (2017). In that case, we cited *Peterson v. Damoude, supra*, to state that

> when a partition action involves a dispute over ownership or title as well as a dispute over the method of partition, the parties have a right to have title determined first, and, if they elect to do so, an order resolving only the title dispute is a final, appealable order.

*Guardian Tax Partners v. Skrupa Invest. Co.*, 295 Neb. at 644-45, 889 N.W.2d at 829. We noted that "partition actions are unique in that when title is contested, the action has two distinct stages: first, the title determination, and second, the division of the real estate, i.e., the 'partition.'" *Id*. at 646, 889 N.W.2d at 830. Based on this unique two-stage structure and on statutory and case law relevant to partition actions, we concluded that an order in which the district court had

"resolved the first stage of this partition action and disposed of all matters in that stage" was a final order, even though issues of partition were still to be decided. *Id.*

We further considered "how the enactment of § 25-1315 affects the rules for the appealability of orders in partition actions outlined in *Peterson v. Damoude*." *Guardian Tax Partners v. Skrupa Invest. Co.*, 295 Neb. at 647, 889 N.W.2d at 831. We reasoned that "in enacting § 25-1315, the Legislature did not amend the partition statutes or attempt to change the effect of our prior jurisprudence" and that "[h]ad the Legislature intended to change the well-settled law governing finality of partition judgments and orders, it would have done so explicitly." *Guardian Tax Partners v. Skrupa Invest. Co.*, 295 Neb. at 649, 889 N.W.2d at 832.

We concluded that § 25-1315 was not implicated in *Guardian Tax Partners v. Skrupa Invest. Co.*, because there was not more than one cause of action present in that case. We noted that § 25-1315 is implicated only where there are multiple causes of action or multiple parties and the court enters a final order as to one or more but fewer than all the causes of action or parties. We noted first that although there were multiple parties in the case, the district court order disposed of the title claims of all parties. We further determined that there was not more than one cause of action present in *Guardian Tax Partners v. Skrupa Invest. Co.* We based this determination largely on the unique two-stage structure of partition actions in which title may be contested. Although the action has two distinct stages, and a court may enter a final order at the conclusion of the first stage, the action remains a single cause of action.

The present case is not a partition action, and therefore, the reasoning of *Peterson v. Damoude*, 95 Neb. 469, 145 N.W. 847 (1914), and its progeny does not apply. This was not a partition action in which issues regarding title arose. Instead, the present case is a quiet title action brought by Clason, wherein PLCC filed a counterclaim to quiet title in itself, as well as additional counterclaims for ejectment and unjust enrichment. We

have not treated orders quieting title in other types of actions in the same way that we have treated them in partition cases. See *Olsen v. Olsen*, 248 Neb. 393, 534 N.W.2d 762 (1995) (determining that order quieting title to mineral claims was interlocutory and nonappealable when issues of accounting and damages were still pending). And we have not treated orders resolving title issues in ejectment actions as appealable when other issues related to ejectment remain to be determined. See *Wicker v. Waldemath*, 238 Neb. 515, 471 N.W.2d 731 (1991) (determining that order entered on jury verdict in ejectment case which involved dispute of title not final order when issue of rents and profits not yet resolved).

As stated above, in *Guardian Tax Partners v. Skrupa Invest. Co.*, 295 Neb. 639, 646, 889 N.W.2d 825, 830 (2017), we stated that partition actions involving title determinations are "unique," leading to the appealability of the title determination and the irrelevance of § 25-1315. Clason does not point us to any authority governing either ejectment or unjust enrichment which involves a title determination that recognizes such a structure. We find no reason to determine that the "partition involving title determination" structure is present in this case involving quiet title, and separately ejectment and unjust enrichment, and that therefore, appeals regarding quiet title in cases also involving ejectment or unjust enrichment are not authorized in the absence of certification under § 25-1315.

In the present case, the action began in the district court as Clason's claim to quiet title, and PLCC responded by, inter alia, raising counterclaims. The August 12, 2020, order of partial summary judgment determined Clason's quiet title claim and PLCC's quiet title counterclaim. However, the order did not resolve PLCC's counterclaims for ejectment and unjust enrichment, which were pending at the time Clason filed his appeal. Therefore, by reference to § 25-1315(1), the August 12 order was not appealable until either all of PLCC's counterclaims were resolved or the quiet title order was properly

certified under § 25-1315(1). We therefore conclude that the Court of Appeals did not err when it dismissed this appeal based on § 25-1315.

For completeness, we comment on what PLCC designated as its fourth "claim" in which it sought attorney fees on the basis that Clason's action to quiet title was frivolous and brought in bad faith. PLCC's request is not a "claim" for purposes of § 25-1315, but, rather, a request made pursuant to § 25-824(4), which provides in part:

> The court shall assess attorney's fees and costs if, upon the motion of any party or the court itself, the court finds that an attorney or party brought or defended an action or any part of an action that was frivolous or that the action or any part of the action was interposed solely for delay or harassment.

We have held that "when a motion for attorney fees under § 25-824 is made prior to the judgment, the judgment will not become final and appealable until the court has ruled upon that motion." *Salkin v. Jacobsen*, 263 Neb. 521, 527, 641 N.W.2d 356, 361 (2002). See, also, *Sulu v. Magana*, 293 Neb. 148, 879 N.W.2d 674 (2016). And we have determined that notices of appeal were not taken from a final, appealable order when the terms of the orders expressly reserved ruling on attorney fees sought under § 25-824 that were requested in a party's responsive pleadings. See *In re Guardianship & Conservatorship of Woltemath*, 268 Neb. 33, 680 N.W.2d 142 (2004). In the August 12, 2020, order, the court did not explicitly reserve ruling on PLCC's request for attorney fees under § 25-824, but PLCC had not requested a ruling on the "claim" in its motion for partial summary judgment. To the extent a ruling on the request for attorney fees was reserved and not implicitly denied in the August 12, 2020, order, compare *Murray v. Stine*, 291 Neb. 125, 864 N.W.2d 386 (2015), the lack of a ruling on PLCC's request for attorney fees would serve as a separate reason, independent of the operation of § 25-1315, that the August 12 order was not appealable.

## CONCLUSION

Based on § 25-1315(1), we conclude that the August 12, 2020, order ruling on competing claims for quiet title was not appealable because not all of PLCC's counterclaims have been resolved. Therefore, on further review, we affirm the order of the Court of Appeals which dismissed Clason's appeal for lack of jurisdiction.

AFFIRMED.