Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/01/2024 09:17 AM CST

STEVEN E. CLASON, APPELLANT, V. LOL INVESTMENTS,
LLC, A NEBRASKA LIMITED LIABILITY COMPANY, AND
PRODUCERS LIVESTOCK CREDIT CORPORATION,
A DELAWARE CORPORATION, APPELLEES.

___ N.W.2d ___

Filed March 1, 2024.    No. S-23-223.

1. **Jurisdiction: Appeal and Error.** A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law.
2. **Judgments: Appeal and Error.** An appellate court independently reviews questions of law decided by a lower court.
3. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.
4. **Jurisdiction: Final Orders: Appeal and Error.** Pursuant to Neb. Rev. Stat. § 25-1911 (Reissue 2016), for an appellate court to acquire jurisdiction of an appeal, the party must be appealing from a final order or a judgment. Additionally, where implicated, an order must comply with Neb. Rev. Stat. § 25-1315 (Reissue 2016).
5. ____: ____: ____. An appellate court lacks jurisdiction to entertain an appeal unless it is from a final order or a judgment.
6. ____: ____: ____. When an order adjudicates fewer than all the claims of all the parties, appellate jurisdiction cannot be created by voluntarily dismissing, without prejudice, the claims on which the court has not yet ruled.

Appeal from the District Court for Furnas County: PATRICK M. HENG, Judge. Appeal dismissed.

Terry K. Barber, of Barber & Barber, P.C., L.L.O., for appellant.

Jeffrey M. Cox, of Dier, Osborn & Cox, P.C., L.L.O., for appellee LOL Investments, LLC.

Jason B. Bottlinger and Lisa M. Epperson, of Bottlinger Law, L.L.C., for appellee Producers Livestock Credit Corporation.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Stacy, J.

Steven E. Clason defaulted on an agricultural loan secured by a deed of trust on farm property, and the property was sold at a trustee's sale. When Clason refused to surrender the property to the purchaser, litigation ensued. This is Clason's third appeal; both of his prior appeals were dismissed for lack of a final judgment or order. After the most recent remand, several unresolved claims were voluntarily dismissed without prejudice and Clason filed this appeal. Because the voluntary dismissals without prejudice did not create the finality necessary to confer appellate jurisdiction, we dismiss this appeal for lack of a final judgment or order.

## I. BACKGROUND

### 1. History and Prior Appeals

Clason had agricultural loans secured by a deed of trust on farm real estate located in Furnas County, Nebraska. LOL Investments, LLC (LOL), was the deed holder. Clason defaulted on his debt payments, and the farm property was sold to Producers Livestock Credit Corporation (PLCC) via a trustee's sale on October 24, 2019. Clason thereafter refused to surrender the farm property to PLCC.

PLCC filed a forcible entry and detainer action against Clason in the county court for Furnas County. While that action was pending, Clason filed this quiet title action in the district court in December 2019, prompting the county court to dismiss the forcible entry and detainer action.

Clason's quiet title complaint named PLCC and LOL as defendants and alleged the trustee's sale was invalid and the purported sale to PLCC was void. Clason sought an order quieting title to the farm property in his name. In response, PLCC counterclaimed to quiet title in its name and alleged additional counterclaims for ejectment and unjust enrichment. PLCC also alleged it was entitled to attorney fees pursuant to Neb. Rev. Stat. § 25-824 (Reissue 2016) because Clason's quiet title action was frivolous and filed in bad faith.

During the pendency of the case, Clason and PLCC entered into a stipulation that allowed Clason to harvest an alfalfa crop planted on the farm property in return for cash rent. Pursuant to that stipulation, the court ordered Clason and a tenant to pay the agreed-upon rent into the court, which it appears they did.

In May 2020, PLCC moved for partial summary judgment on Clason's claim to quiet title and on its counterclaim to quiet title. Soon thereafter, LOL moved to dismiss Clason's complaint with prejudice for failure to state a claim and moved for attorney fees pursuant to § 25-824. In June, a combined evidentiary hearing was held on PLCC's motion for partial summary judgment and LOL's motion to dismiss.

On August 12, 2020, the district court entered an order holding that PLCC was entitled to summary judgment as a matter of law; it dismissed Clason's quiet title complaint with prejudice and ordered that title to the farm property be quieted in PLCC. The August 12 order also dismissed Clason's complaint against LOL for failure to state a claim upon which relief could be granted. The order did not address PLCC's remaining counterclaims or the pending requests for attorney fees.

### (a) First Appeal (S-20-667)

On September 11, 2020, Clason appealed from the August 12 order. The Nebraska Court of Appeals dismissed that appeal for lack of jurisdiction. We granted Clason's petition

for further review and affirmed that dismissal in a published opinion.[1] We noted that Neb. Rev. Stat. § 25-1315(1) (Reissue 2016) was implicated because the case involved multiple claims and multiple parties, and the order from which Clason appealed had not resolved all such claims because PLCC's counterclaims for ejectment and unjust enrichment remained pending in the district court. We also noted the trial court had not yet ruled on PLCC's request for attorney fees, and we explained that the lack of a ruling provided an independent basis to conclude the August 12 order was not final because "'when a motion for attorney fees under § 25-824 is made prior to the judgment, the judgment will not become final and appealable until the court has ruled upon that motion.'"[2] We therefore dismissed Clason's appeal for lack of jurisdiction.

### (b) Second Appeal (A-20-890)

During the pendency of the first appeal, the parties continued to litigate in the district court.[3] PLCC sought and was granted leave to file an amended counterclaim retaining the counterclaims for ejectment and unjust enrichment and adding a counterclaim for forcible entry and detainer. The amended counterclaim also requested attorney fees under § 25-824.

PLCC then moved for partial summary judgment on its forcible entry and detainer counterclaim. In an order entered December 11, 2020, the court granted PLCC's motion, restored exclusive possession of the farm property to PLCC, and ordered Clason to "immediately and forthwith remove himself and all his personal property from the real property."

Clason appealed from the December 11, 2020, order, and that appeal was dismissed by the Court of Appeals via a

---

[1] *Clason v. LOL Investments*, 308 Neb. 904, 957 N.W.2d 877 (2021).

[2] *Id*. at 914, 957 N.W.2d at 883.

[3] See *Murray v. Stine*, 291 Neb. 125, 131, 864 N.W.2d 386, 391 (2015) ("[a] notice of appeal from a nonappealable order does not render void for lack of jurisdiction acts of the trial court taken in the interval between the filing of the notice and the dismissal of the appeal by the appellate court").

minute entry dated April 27, 2021, stating: "Appeal dismissed for lack of jurisdiction under Neb. Ct. R. App. P. § 2-107(A)(2). Not all causes of action have been disposed of. See Neb. Rev. Stat. § 25-1315(1). Furthermore, the order is not final and appealable in light of the pending request for attorney fees."

## 2. Voluntary Dismissals
## Without Prejudice

After the second appeal was dismissed, the cause was remanded to the district court and there was no activity for approximately 20 months. Then, on December 20, 2022, PLCC filed a motion asking the court to enter an order "directing the Clerk to pay over to PLCC all sums held for payment of rent related to the Real Estate, which is believed to be the sum of $32,400.00." Clason filed a written objection to PLCC's motion, arguing that he, and not PLCC, was entitled to payment of the sums being held in trust by the district court.

After holding a hearing on the motion, the court overruled it in an order entered January 25, 2023, reasoning that PLCC's counterclaims were still unresolved and the "funds paid into the Court for rents on property in dispute should not be disbursed until the matter has reached [its] final conclusion and any appeal time has expired." The January 25 order set a telephonic pretrial conference for February 21 "to set a final hearing on all outstanding matters." At that point, the outstanding matters included (1) PLCC's counterclaims for unjust enrichment and ejectment and its request for attorney fees under § 25-824, (2) LOL's request for attorney fees based on § 25-824, and (3) determination of entitlement to the sums paid into the court as rent pursuant to the parties' June 2020 stipulation.

No pretrial conference was held because, on January 30, 2023, PLCC filed a motion asking the court to dismiss, without prejudice, all of PLCC's unresolved counterclaims and

its pending request for attorney fees. The court sustained PLCC's motion in an order entered February 8, 2023. Then, on February 17, LOL moved for an order dismissing, without prejudice, its pending motion for attorney fees based on § 25-824. The court sustained LOL's motion on February 17.

On March 18, 2023, Clason filed a notice of appeal. We moved the appeal to our docket on our own motion.

## II. ASSIGNMENTS OF ERROR

Clason assigns, restated and renumbered, that the district court erred in (1) granting PLCC's motion for partial summary judgment on its quiet title counterclaim, (2) granting LOL's motion to dismiss the complaint for failure to state a claim, (3) allowing PLCC to amend its counterclaim and move for summary judgment on its counterclaim for forcible entry and detainer during the pendency of the first appeal, (4) not postponing consideration of PLCC's summary judgment motion pursuant to Neb. Rev. Stat. § 25-1355 (Cum. Supp. 2022), and (5) entering summary judgment in favor of PLCC on the forcible entry and detainer counterclaim.

## III. STANDARD OF REVIEW

[1] A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law.[4]

[2] An appellate court independently reviews questions of law decided by a lower court.[5]

## IV. ANALYSIS

[3-5] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[6] Pursuant to Neb. Rev. Stat. § 25-1911 (Reissue 2016), for an appellate court to acquire jurisdiction of an appeal, the party must be appealing

[4] *Noland v. Yost*, 315 Neb. 568, 998 N.W.2d 57 (2023).

[5] *Id*.

[6] See *Mathiesen v. Kellogg*, 315 Neb. 840, ___ N.W.2d ___ (2024).

from a final order or a judgment.[7] Additionally, where implicated, an order must comply with § 25-1315 and adjudicate all claims of all parties, unless the trial court makes an express determination that there is no just reason for delay of an appeal of an order disposing of less that all claims or all parties.[8] An appellate court lacks jurisdiction to entertain an appeal unless it is from a final order or a judgment.[9]

The trial court did not purport to enter a final judgment in this case, and the appellate record contains no § 25-1315 certification of any order. But at oral argument before this court, the parties generally took the position that once the unresolved counterclaims and pending attorney fee requests were voluntarily dismissed without prejudice, Clason could appeal from the previously entered summary judgment orders. We disagree.

[6] In *Last Pass Aviation v. Western Co-op Co.*,[10] we held that "[w]hen an order adjudicates fewer than all the claims of all the parties, appellate jurisdiction cannot be created by voluntarily dismissing, without prejudice, the claims on which the court has not yet ruled." In *Last Pass Aviation*, the plaintiff filed an action seeking a declaratory judgment that a covenant not to compete was unenforceable. The defendant sought and received a temporary injunction preventing the

---

[7] *Id.*

[8] See *id.*

[9] *Shasta Linen Supply v. Applied Underwriters*, 290 Neb. 640, 861 N.W.2d 425 (2015).

[10] *Last Pass Aviation v. Western Co-op Co.*, 296 Neb. 165, 171, 892 N.W.2d 108, 112 (2017). See, also, *Addy v. Lopez*, 295 Neb. 635, 890 N.W.2d 490 (2017) (holding plaintiff could not voluntarily dismiss sole cause of action without prejudice and reserve right to appeal dismissal of one of three defendants); *Smith v. Lincoln Meadows Homeowners Assn.*, 267 Neb. 849, 678 N.W.2d 726 (2004) (holding plaintiff could not voluntarily dismiss action without prejudice and simultaneously reserve right to appeal order granting defendant partial summary judgment on damages aspect of premises liability claim).

plaintiff from competing and then answered and alleged counterclaims for breach of contract and related damages. After a trial, the court entered a judgment finding the noncompete agreement was void. The plaintiff then filed a motion seeking damages and attorney fees related to the temporary injunction. Before that motion was ruled upon, however, the defendant appealed from the order finding the noncompete agreement was void.

The Court of Appeals in *Last Pass Aviation* dismissed that appeal for lack of jurisdiction, citing § 25-1315. After remand, the parties filed a stipulated motion asking to dismiss, without prejudice, the defendant's unresolved counterclaims and the plaintiff's pending motion for attorney fees. The stipulated motion expressly stated that the dismissed claims "'[would] be available for refiling if desired after the appeal [was] concluded.'"[11] The district court granted the motion, using similar language, after which the defendant filed a second appeal.

We dismissed the second appeal, concluding it was not from a final judgment. We reasoned:

> Once the matter was back before the district court, the parties did not seek rulings on the remaining counterclaims or motion for damages and fees, nor did they request an order directing final judgment under § 25-1315 on fewer than all of the claims or move to dismiss the remaining claims with prejudice. Instead, the parties stipulated to a voluntary dismissal, without prejudice, of the pending counterclaims and motion for damages and fees, with the stated intent to bring those matters back before the court for ruling, depending on the outcome of the appeal. Such a procedure does not create finality and confer appellate jurisdiction.[12]

---

[11] *Last Pass Aviation, supra* note 10, 296 Neb. at 168, 892 N.W.2d at 110.

[12] *Id*. at 170-71, 892 N.W.2d at 112.

In *Smith v. Lincoln Meadows Homeowners Assn.*,[13] we explained why it undermines finality to allow an appeal after the voluntary dismissal of unresolved claims without prejudice:

> [W]ere we to conclude that appellate jurisdiction was proper in this case, we would effectively abrogate our long-established rules governing the finality and appeal-ability of orders, as the policy against piecemeal litigation and review would be severely weakened. When causes of action or theories of recovery are dismissed without prejudice, a plaintiff remains free to file another com-plaint raising those same claims. . . . Thus, the litigation is not finally over for all parties on all claims. . . . An order lacks finality, and concerns about piecemeal litigation are raised, unless a party's remaining claims are finally aban-doned, i.e., dismissed with prejudice.

In our prior cases applying the rule that appellate jurisdic-tion cannot be created by voluntary dismissals without preju-dice of unresolved claims,[14] the dismissing parties expressly informed the trial court that they intended to pursue the dis-missed claims after completing the appeal. Here, the parties' motions did not recite their intent to pursue the issues after completion of the appeal, but at oral argument before this court both PLCC and LOL candidly acknowledged they dis-missed their unresolved claims "without prejudice" because they intended to bring them back before the court after the conclusion of this appeal. They also acknowledged that the district court has not yet determined entitlement to the rental payments deposited with the clerk during the pendency of this case, and the appellate record shows that $33,475 is still being held by the court.

---

[13] *Smith, supra* note 10, 267 Neb. at 855, 678 N.W.2d at 731-32 (internal quotation marks omitted).

[14] See, *Last Pass Aviation, supra* note 10; *Addy, supra* note 10; *Smith, supra* note 10.

In *Last Pass Aviation* and *Smith*, we held that finality for purposes of appeal cannot be created by dismissing unresolved claims without prejudice, and the same rule applies here. When the matter was remanded to the district court after the second appeal, there were counterclaims and requests for attorney fees that remained unresolved. The trial court set a pretrial conference so those claims could be adjudicated. But instead of litigating the unresolved claims or dismissing them with prejudice, PLCC and LOL voluntarily dismissed them without prejudice, intending to bring them back before the district court after Clason appealed from the summary judgment rulings. This procedure did not end the litigation between the parties or create the finality necessary to confer appellate jurisdiction.

In addition to the finality problem resulting from the voluntary dismissals without prejudice, the trial court has not yet resolved entitlement to the funds being held by the clerk. This unresolved matter provides an independent basis for concluding Clason has not appealed from a final judgment or final order.

## V. CONCLUSION

Because Clason has not appealed from a final judgment or a final order, we lack appellate jurisdiction and must dismiss this appeal.[15]

Appeal dismissed.

---

[15] See *Smith, supra* note 10, 267 Neb. at 856, 678 N.W.2d at 732 ("in the absence of a judgment or a valid order finally disposing of a case, an appellate court is without jurisdiction to act and must dismiss the purported appeal").