Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/13/2026 08:06 AM CST

WRK, L.L.C., APPELLANT, V.
ZACH WIEGERT, APPELLEE.

___ N.W.3d ___

Filed February 13, 2026.    No. S-24-143.

1. **Jurisdiction: Appeal and Error.** The question of appellate jurisdiction is a question of law.

2. **Jurisdiction: Judgments: Final Orders: Appeal and Error.** To determine whether it has jurisdiction, an appellate court looks to Neb. Rev. Stat. §§ 25-1911 (Reissue 2016) and 25-1912 (Cum. Supp. 2024). Together, these statutes generally prescribe that for an appellate court to acquire jurisdiction of an appeal, the party must be appealing from a judgment or decree rendered or from a final order.

3. **Final Orders.** Final orders are defined in Neb. Rev. Stat. § 25-1902 (Cum. Supp. 2024), which currently recognizes four categories of final orders; some categories pertain to actions, and one pertains to special proceedings.

4. **Final Orders: Appeal and Error.** In cases that present multiple claims for relief or involve multiple parties, Neb. Rev. Stat. § 25-1315(1) (Reissue 2016) permits a trial court to certify an otherwise interlocutory order as a final, appealable judgment under the limited circumstances set forth in the statute.

5. **Claims: Parties: Judgments.** Absent the entry of a final judgment under Neb. Rev. Stat. § 25-1315(1) (Reissue 2016), orders adjudicating fewer than all claims against all parties are not final and are subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

6. **Jurisdiction: Final Orders: Appeal and Error.** When an order adjudicates fewer than all the claims of all the parties, appellate jurisdiction cannot be created merely through the voluntary dismissal, without prejudice, of the claims on which the court has not yet ruled.

7. **Jurisdiction: Judgments: Final Orders: Appeal and Error.** Where the court has neither rendered a judgment, certified a final judgment under

Neb. Rev. Stat. § 25-1315 (Reissue 2016), nor entered a final order, appellate jurisdiction cannot be created merely by voluntarily dismissing unresolved claims without prejudice.

Petition for further review from the Court of Appeals, Riedmann, Chief Judge, and Bishop and Arterburn, Judges, on appeal thereto from the District Court for Lancaster County, Andrew R. Jacobsen, Judge. Judgment of Court of Appeals vacated and remanded with directions.

Daniel J. Epstein, of Goosmann Law Firm, P.L.C., for appellant.

Heather Voegele and Andreanna C. Smith, of Voegele Anson Law, L.L.C., for appellee.

Funke, C.J., Cassel, Stacy, Papik, Freudenberg, Bergevin, and Vaughn, JJ.

Papik, J.

This case is before us for further review of the Nebraska Court of Appeals' decision in *WRK v. Wiegert*, No. A-24-143, 2025 WL 1806484 (Neb. App. July 1, 2025) (selected for posting to court website). The Court of Appeals determined that it had jurisdiction and reversed the district court's order granting summary judgment in Zach Wiegert's favor and against WRK, L.L.C. Wiegert sought further review on the merits. But we granted further review to address appellate jurisdiction. Because there was neither a judgment rendered nor a final order, the Court of Appeals lacked jurisdiction to consider the merits, as do we. Accordingly, we vacate the Court of Appeals' decision and remand the cause with directions to dismiss the appeal for lack of jurisdiction.

## BACKGROUND

This matter began when WRK filed a breach of contract action against Wiegert. Wiegert filed a counterclaim for tortious interference with current and prospective business

relationships, requesting damages, interest, and attorney fees. The parties filed competing motions for summary judgment on WRK's complaint. The district court sustained Wiegert's motion and overruled WRK's motion. Later, WRK moved for summary judgment on the counterclaim. Wiegert, in turn, moved to dismiss the counterclaim without prejudice, and the district court sustained that motion. WRK then filed a notice of appeal, attempting to challenge the earlier order sustaining Wiegert's motion for summary judgment and overruling WRK's motion.

On appeal, the Court of Appeals first considered jurisdiction—a topic it had ordered the parties to brief prior to oral arguments. The Court of Appeals recognized that the matter involved multiple claims, implicating Neb. Rev. Stat. § 25-1315(1) (Reissue 2016). It observed that the district court had not certified a final judgment under § 25-1315(1) and that, under existing authority, the voluntary dismissal of the counterclaim without prejudice could not by itself create the finality necessary to confer appellate jurisdiction. See, e.g., *Clason v. LOL Investments*, 316 Neb. 91, 3 N.W.3d 94 (2024).

Yet the Court of Appeals ultimately concluded it had appellate jurisdiction. It explained that if Wiegert attempted to refile the allegations in his counterclaim, those claims would be barred by the statute of limitations. The Court of Appeals then recounted that Wiegert acknowledged at oral argument he did not intend to refile his claim because of the statute of limitations. Based on this acknowledgment, the Court of Appeals concluded that the order dismissing the counterclaim without prejudice "created the finality necessary to confer appellate jurisdiction." *WRK v. Wiegert, supra*, 2025 WL 1806484 at *12.

The Court of Appeals then proceeded to analyze the merits and reversed the order granting summary judgment in Wiegert's favor on WRK's breach of contract claim.

We granted Wiegert's petition for further review and ordered supplemental briefing on the issue of appellate jurisdiction.

## ASSIGNMENT OF ERROR

Wiegert assigns, condensed and restated, that the Court of Appeals erred in reversing the district court's order that sustained his motion for summary judgment on WRK's breach of contract claim.

## STANDARD OF REVIEW

[1] The question of appellate jurisdiction is a question of law. *Khaitov v. Greater Omaha Packing Co.*, 319 Neb. 932, 25 N.W.3d 739 (2025).

## ANALYSIS

In seeking further review, Wiegert claims that the Court of Appeals erred in reversing the summary judgment in his favor. A threshold question, however, is whether the Court of Appeals had jurisdiction. See *Mann v. Mann*, 312 Neb. 275, 978 N.W.2d 606 (2022) (it is duty of appellate court to determine whether it has jurisdiction over matter before it, irrespective of whether issue is raised by parties).

[2] To determine whether it has jurisdiction, an appellate court looks to Neb. Rev. Stat. §§ 25-1911 (Reissue 2016) and 25-1912 (Cum. Supp. 2024). Together, these statutes generally prescribe that for an appellate court to acquire jurisdiction of an appeal, the party must be appealing from a judgment or decree rendered or from a final order. *Continental Indem. Co. v. Starr Indem. & Liab. Co., ante* p. 574, 28 N.W.3d 843 (2025). Additionally, where implicated, the order in question must comply with § 25-1315. See *Johnson v. Vosberg*, 316 Neb. 658, 6 N.W.3d 216 (2024).

As we are about to explain, because there was neither a judgment rendered nor a final order, the Court of Appeals lacked jurisdiction to adjudicate the merits of this matter, and so do we. See *Ev. Luth. Soc. v. Buffalo Cty. Bd. of Equal.*, 243 Neb. 351, 500 N.W.2d 520 (1993) (when initial appellate court lacks jurisdiction over merits, so does higher appellate court).

We first take up whether this is an appeal from a judgment rendered, and in short order, we determine that it is not.

A "judgment rendered," as required by § 25-1911, is a final determination of the rights of the parties in an action, which is set forth by the court in a single, signed written document stating all of the relief granted or denied in an action. See Neb. Rev. Stat § 25-1301(2) (Cum. Supp. 2024) ("[r]endition of a judgment is the act of the court, or a judge thereof, in signing a single written document stating all of the relief granted or denied in an action"). See, also, *Continental Indem. Co. v. Starr Indem. & Liab. Co., supra*. This single written document is not just "a preferred practice; it is a jurisdictional prerequisite." See *Elbert v. Keating, O'Gara*, 319 Neb. 390, 399, 22 N.W.3d 671, 678 (2025).

The parties acknowledge there was no judgment rendered here to establish appellate jurisdiction. Indeed, the record does not include a document that meets the requirements of § 25-1301(2), and the Court of Appeals' jurisdictional analysis did not rely on the existence of such a document. We therefore conclude that there was no judgment rendered upon which appellate jurisdiction can be based.

[3-5] The parties contend that even if there was no judgment rendered, appellate jurisdiction exists because this is an appeal from a final order. Final orders are defined in Neb. Rev. Stat. § 25-1902 (Cum. Supp. 2024), which currently recognizes four categories of final orders; some categories pertain to actions, and one pertains to special proceedings. *Czech v. Allen*, 318 Neb. 904, 21 N.W.3d 1 (2025); *Mann v. Mann*, 312 Neb. 275, 978 N.W.2d 606 (2022). In addition, in cases that present multiple claims for relief or involve multiple parties, § 25-1315(1) permits a trial court to certify an otherwise interlocutory order as a final, appealable judgment under the limited circumstances set forth in the statute. *Continental Indem. Co. v. Starr Indem. & Liab. Co., supra*; *Mann v. Mann, supra*. Absent the entry of a final judgment under § 25-1315(1), orders adjudicating fewer than all claims against all parties are not final and are subject to revision at any time before the entry of judgment adjudicating all the claims and

the rights and liabilities of all the parties. *Continental Indem. Co. v. Starr Indem. & Liab. Co., supra*; *Mann v. Mann, supra*. This is so even if the order otherwise satisfies one of the final order categories in § 25-1902(1). See, *Continental Indem. Co. v. Starr Indem. & Liab. Co., supra*; *Mann v. Mann, supra*.

Here, the parties acknowledge, as did the Court of Appeals, that this case involved multiple claims, implicating § 25-1315(1), and that the district court did not certify a final judgment under the terms of § 25-1315(1). Notwithstanding these facts, the parties agree that appellate jurisdiction exists here. We understand them to argue that the voluntary dismissal of Wiegert's counterclaim without prejudice rendered the summary judgment in his favor a final, appealable order. This argument is unavailing.

[6] As the Court of Appeals recognized, we have held that when an order adjudicates fewer than all the claims of all the parties, appellate jurisdiction cannot be created merely through the voluntary dismissal, without prejudice, of the claims on which the court has not yet ruled. See, *Elbert v. Keating, O'Gara, supra*; *Clason v. LOL Investments*, 316 Neb. 91, 3 N.W.3d 94 (2024); *Last Pass Aviation v. Western Co-op Co.*, 296 Neb. 165, 892 N.W.2d 108 (2017). But the Court of Appeals found—and the parties urge us to agree—that this case does not fall within the foregoing principle because Wiegert's counsel acknowledged that he had no intention of refiling his claims of tortious interference with business relationships and that such claims would be barred by the statute of limitations. We are not persuaded that this is an exceptional case immune from the rule that appellate jurisdiction cannot be created by voluntarily dismissing, without prejudice, claims on which the court has not yet ruled.

[7] First off, 10 days after the Court of Appeals released its opinion in this case, we reiterated that rule in unequivocal terms in *Elbert v. Keating, O'Gara*:

> We continue to adhere to this bright line rule. Where, as here, the court has neither rendered a judgment, certified

a final judgment under § 25-1315, nor entered a final order, appellate jurisdiction cannot be created merely by voluntarily dismissing unresolved claims without prejudice. Such a procedure does not create appellate jurisdiction when there otherwise would be none. And allowing parties to manufacture appellate jurisdiction in this way would not only sanction an end run around the jurisdictional requirements of Neb. Rev. Stat. § 25-1901 (Reissue 2016), § 25-1902, § 25-1301, and § 25-1315, but it would also "effectively abrogate our long-established rules governing the finality and appealability of orders, as the policy against piecemeal litigation and review would be severely weakened."

319 Neb. at 400-01, 22 N.W.3d at 678-79. The exception contemplated by the Court of Appeals in this case is inconsistent with what we identified in *Elbert* as a "bright line rule." *Id.* at 400, 22 N.W.3d at 678.

Moreover, we disagree that the circumstances of this case ensure finality. The Court of Appeals appeared to conclude that there was no chance that the allegations in Wiegert's counterclaim would be refiled. But as the Court of Appeals itself recognized, "[a] voluntary dismissal 'without prejudice' presumes that the party wants to refile their claim at a later date, or to at least preserve the possibility of refiling their claim." *WRK v. Wiegert*, No. A-24-143, 2025 WL 1806484 at *10 (Neb. App. July 1, 2025) (selected for posting to court website). See, also, *Smith v. Lincoln Meadows Homeowners Assn.*, 267 Neb. 849, 855, 678 N.W.2d 726, 731 (2004) ("[w]hen causes of action or theories of recovery are dismissed without prejudice, a plaintiff remains free to file another complaint raising those same claims"). Despite Wiegert's representation that he does not intend to refile the allegations in his counterclaim, he remains free to do so.

What is more, even if a statute of limitations applies, it would not preclude Wiegert from filing another complaint raising the same claims that were dismissed without prejudice,

due to the nature of the statute of limitations defense. Because it is an affirmative defense, see Neb. Ct. R. Pldg. § 6-1108(c)(1) (rev. 2025) (listing affirmative defenses), the fact that an action is filed after the statute of limitations has run "does not negate any of the elements of a claim[;] [i]t instead avoids the claim." See John P. Lenich, Nebraska Civil Procedure § 12:11 at 658 (2025). We have long held that as an affirmative defense, the statute of limitations is waived if the defendant fails to raise it. See, e.g., *Schuemann v. Timperley*, 314 Neb. 298, 989 N.W.2d 921 (2023); *Bonness v. Armitage*, 305 Neb. 747, 942 N.W.2d 238 (2020); *Strode v. City of Ashland*, 295 Neb. 44, 886 N.W.2d 293 (2016); *McGill v. Lion Place Condo. Assn.*, 291 Neb. 70, 864 N.W.2d 642 (2015). See, also, Lenich, *supra*, § 12:13 (if defendant fails to raise affirmative defense, it cannot be used). Conceivably, an action filed after the statute of limitations could proceed past the pleading stage and even succeed if the opposing party does not raise the statute of limitations as an affirmative defense. Therefore, even if it is unlikely that Wiegert will raise the substance of his counterclaim in a future lawsuit, finality for purposes of appellate jurisdiction in this case has not been attained.

In the absence of a judgment or a valid order finally disposing of this case, an appellate court is without jurisdiction to act, and this purported appeal must be dismissed. See, *Clason v. LOL Investments*, 316 Neb. 91, 3 N.W.3d 94 (2024); *Smith v. Lincoln Meadows Homeowners Assn., supra*.

## CONCLUSION

As we have explained, because there was neither a final judgment nor a final order appealed from, we lack appellate jurisdiction, as did the Court of Appeals. We therefore vacate the Court of Appeals' decision and remand the cause with directions to dismiss the appeal for lack of jurisdiction.

VACATED AND REMANDED WITH DIRECTIONS.